## Watters *et al. versus* Bredin.

70  235
167  605

1. A deed was, "I, John Watters, * * * have sold and assigned the within-named farm to the said Lasher, * * * authorizing her in my name or otherwise but at her own expense to carry on and possess the same according to the tenor of herein written. * * * The condition of this assignment is such that said Watters is to have a good living out of the aforesaid farm his natural lifetime, and all other necessary expenses and the residue to remain in the hands of the said Lasher or her heirs; that is to say, if the above conditions are complied with, * * * otherwise to become null and void and of none effect." *Held*, to be a deed upon condition.

2. The clause containing the condition is part of the *habendum;* it explains the premises that an absolute estate was not intended to be granted, and controls the generality of the words in the premises.

3. By the provisions of the deed, the grantee was required to furnish a living to the grantor, or in default to be subject to lose the estate by re-entry for condition broken.

4. The maxims, *Animus ad se omne ducit* and *Mala grammatica non vitiat chartam*, applied.

5. An inartificial and obscure deed construed.

November — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Watters v. Bredin.]

Error to the Court of Common Pleas of *Crawford county:* No. 62, to October and November Term 1871.

This was an action of ejectment for 160 acres of land, brought by Nancy Bredin, late Lasher, against David Watters and others, heirs at law of John Watters, deceased. Both parties claimed under John Watters.

The plaintiff gave in evidence the following deed :—

" Assignment *maid* this 6th day of May A D 1853· Know all men by these presents that I John Watters within named in consideration of one dollar to me in hand paid by Nancy Lasher of *the* Venango Township Crawford County and State of Pennsylvania The receipt *whareof* is hereby acknowledged have sold and assigned and by these *preasents* do sell and assign to the said Nancy Lasher the within named farm and all my right title and interest in and to the same. Authorizing her in my name or *outherwise* but at *hur* own *expenses* to *cary awn* and possess the same according to the tenor of herein *witen*

" Now the condition' of this assignment is such that said John Watters is to have a good and *suficient* living out of the *foresaid* farm his natural lifetime and all *outher nessery* expenses and the residue to remain in the hands of the said Nancy Lasher or *hur* heirs that is to say if the above conditions are fully *complyed* with Then this assignment to remain in full force and virtue or *outherwise* to become null and void and of none *afect*. In witness *wereof* I John Watters have set over all that certain *peace* or *parsel* of land bounded and described as follows, on the south by land of Thomas *Davice*—and on the east by Martin Strayer and on the north by John *Marchal* and on the west by Andrew F. Watters in Fairfield Township Crawford County, &c., containing 160 acres, &c. * * *

JOHN WATTERS, [L. S.]"

The plaintiff and her husband Lasher went on the farm in the fall of 1853, and remained there eighteen months.

The defendants offered to prove that the plaintiff did not furnish Watters with a living; whilst on the farm did not cultivate it, nor furnish his living or necessary expenses in any other way; that she left the farm in the spring of 1855, and Watters entered for breach of the condition and that she had not furnished him any support up to his death in March 1869.

The evidence was objected to by the plaintiff, rejected by the court (Lowrie, P. J.), and a bill of exceptions sealed.

The verdict was for the plaintiff.

The defendants removed the record to the Supreme Court and assigned the rejection of their offer for error.

*F. P. Rea,* for plaintiffs in error.—The words of the deed make the estate conditional : Sheppard's Touchstone 122; Washburne

on Real Prop. 467; Bear *v.* Whisler, 7 Watts 144. Forfeiture is the proper remedy: Sharon Iron Co., *v.* Erie, 5 Wright 341. A deed must be construed so that no part shall be rejected: Tyler *v.* Moore, 6 Wright 374; Wager *v.* Wager, 1 S. & R. 374.

*W. R. Bole,* for defendant in error, cited Co. Litt. 47 a; Sheppard's Touchstone, 80 *et seq.,* 122; Whitaker *v.* Brown, 10 Wright 197; Jackson *v.* Swart, 20 Johns. R. 85; Jackson *v.* Dunsbaugh, 1 Johns. Cas. 91; Jackson *v.* Statts, 11 Johns. 351; Barrett *v.* French, 1 Conn. 354; Wallis *v.* Wallis, 4 Mass. 135; French *v.* French, N. H. 258; Jackson *v.* McKinney, 3 Wend. 233; Meanor *v.* McKowan, 4 W. & S. 302; Campbell *v.* Shrum, 3 Watts 60; Paschall *v.* Passmore, 3 Harris 295; Cromwell's Case, 2 Rep. 71; Fort Plain & C. P. R. Co., 1 Kernan 389.

The opinion of the court was delivered, January 9th 1872, by

THOMPSON, C. J.—The intention of the grantor in this case seems to us to be quite plain upon the face of his deed to Nancy Lasher, now Bredin. *Animus ad se omne ducet.* The intention is what the law applies itself to in deeds.

It is a deed upon condition undoubtedly, we think, and so ought it to have been held. In what may be regarded as the premises, the property conveyed is described, and the consideration set forth as paid by the grantee is one dollar. Then follows this provision, "authorizing her (the grantee), in my name or otherwise, but at her own expense, to carry on and possess the same (the farm granted), according to the tenor herein written." Then follows this clause: "Now the condition of this assignment is such that said John Watters (the grantor) is to have a good and sufficient *living out of the aforesaid farm* for his natural lifetime, and all other necessary expenses, and the residue to remain in the hands of the said Nancy Lasher or her heirs; that is to say, if the above conditions are fully complied with, then this assignment to remain in full force and virtue, or otherwise to become null and void, and of none effect." I have omitted the inaccuracies in spelling, for *mala grammatica non vitiat chartam.*

Regarding the clause as a portion of the *habendum* of the deed, the qualification of the granting portion is not in excess of its office. Blackstone, vol. ii. p. 298, says, "the *habendum* may lessen, enlarge, explain or qualify the premises, but not totally contradict, or be repugnant to the estate granted in the premises:" Co. Litt. 21; Touchstone, cap. 5, No. 2. Now here the *habendum* merely explains the premises in this, that an absolute estate was not intended to be granted upon the consideration mentioned, which would be by gift, and it controls the generality of the words in the premises.

Here, then, we have a grant with a reservation to the grantor

[Watters *v.* Bredin.]

out of it, the real consideration in fact for the conveyance, with
conditions to enforce it, and provisions for the defeat of the grant
in case the conditions should be disregarded or not complied with
by the grantee.   We may not ignore all this, as the argument in
support of the judgment below does.   A deed must be so con-
strued, if possible, that no part shall be rejected : 6 Wright 387 ;
1 S. & R. 374.   This is elementary.   To give these provisions
effect is to require that the grantee in the deed furnish the
living to the grantor specified, or in default to subject her to lose
the estate by re-entry for the condition broken.   He intended,
and reserved, a living out of the estate to be furnished by the
grantee.   The idea of the defendant in error that she was to
stand seised to the use of the grantor for life, while he occupied
the farm, is a view subject to many objections, but may be an-
swered most readily by the terms of the deed itself.   By it she
was authorized to take possession of the farm, and to carry it on
at her own expense, "according to the *tenor herein written.*"
Could it have been intended that the grantor, notwithstanding this
provision, was to remain in possession and occupy the land to fur-
nish his own living at his own expense ?   This would be to attri-
bute an intention to the grantor in direct contravention of his
deed.   This was manifestly not the understanding of the grantee
either, for she took possession, moved on the farm and remained
on it for several years.   Such a construction of the conveyance
is altogether inadmissible.   The facts that there was a failure of
the condition to furnish the grantor a living, &c., from the pre-
mises by the grantee, and that there was a re-entry by him for
condition broken, was most important testimony on the trial, and
should have been received.   This, if true, would have re-invested
him with title.   We think this should have been the course of the
learned court on the offer of testimony, and because it was not,
we must reverse the judgment.

There are some facts set forth in the defendant's counter-state-
ment of which we see no evidence whatever.   Without attributing
the least intention to mislead, to the learned counsel who pre-
pared it, we desire to take this occasion to say that no history of
the parties or of the case is at all allowable, unless disclosed by
the testimony in the case.

Judgment reversed, and *venire de novo* awarded.