Lehigh Coal & Navigation Co. *v.* Francis Early,
Appellant.

*Deed—Condition—Forfeiture—Ejectment—Intoxicating liquors.*

A right of re-entry for breach of condition in a deed may be enforced if claimed at once or within a reasonable time; but where the condition is a condition subsequent, if the breach was acquiesced in by the grantor and valuable improvements made, a forfeiture of the estate should not, after long delay, be permitted.

In this case, the condition for breach of which an action of ejectment was brought, was against the sale of intoxicating liquors. The action having been brought in 1891, defendant offered to prove that liquor had been sold on the premises, under license, continuously since 1879, with notice to the plaintiff through its real estate agent who had signed the receipt to the deed; and that counsel of the company appeared in court to object to the license; and that permanent and valuable improvements had been made, without notice from the plaintiff of any forfeiture. *Held,* that the evidence was admissible to defeat a forfeiture.

Argued March 5, 1894. Appeal, No. 140, July T., 1893, by defendant, from judgment of C. P. Carbon Co., Oct. T., 1891, No. 21, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Ejectment for breach of condition.

The facts appear by the opinion of the Supreme Court.

Defendant proposed to prove that a liquor license was petitioned for in the year 1879, in the month of January, to the court of quarter sessions, and that in the said month said court granted defendant a liquor license to sell spirituous liquors in lot No. 62, situate on the north side of West Ridge street, Lansford, Pa.; that no notice of any violation of any clause in the deed of April 27, 1870, by defendant, was given until July 18, 1891, and that a liquor license has been granted continuously ever since; that permanent and valuable improvements have been made on said premises, without any notice by the said plaintiff of any forfeiture of the title. Objected to as incompetent, immaterial, and irrelevant by plaintiff. Objection sustained and exception by defendant. [1]

Defendant offered to amend this offer by adding that plaintiff employed counsel to object to the license and that plaintiff's

real estate agent, who appears on the deed, knew of the viola-
tion of the condition.    Objection sustained and exception.

Binding instruction for plaintiff was given. [2]

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (1, 2) ruling and instruction, quoting
them.

*David W. Sellers*, *E. M. Mulhearn* with him, for appellant.—
This action is to be treated in accordance with the principles
which would be applied by a court of equity: Dickey v. Mc-
Collough, 2 W. & S. 88.

The words in the habendum relied upon are not introduced
to secure any rent or advantage to the grantor, and no pro-
vision is contained that a breach shall work a forfeiture; there-
fore they will be treated as a covenant.    And also for the reason
that these words were in restraint of trade as enacted by law,
they will be construed to be a covenant: Hamilton v. Elliott,
5 S. & R. 384; Mining Co. v. Petroleum Co., 57 Pa. 89; New-
man v. Rutter, 8 Watts, 55; Bortz v. Bortz, 48 Pa. 384; Bat-
ley v. Foederer, 3 Dist. R. 167; Paschall v. Passmore, 15 Pa.
297; McKnight v. Kreutz, 51 Pa. 233; Brown v. Vandergrift,
80 Pa. 148; Cowell v. Spring Co., 100 U. S. 56.

The license was issued under a public statute and possession
was open and notorious; the grantor was therefore charged
with notice from the first.    There was a waiver of the forfeit-
ure: Iron Co. v. Erie, 41 Pa. 351.

*F. G. Farquhar*, *Loose & Craig* with him, for appellee.—
Words expressly providing that a forfeiture shall accrue are
not necessary: Shepherd's Touchstone cited in Paschall v. Pass-
more, 15 Pa. 307; 4 Kent's Com. *124; Hayden v. Stoughton,
5 Pick. 528; Gray v. Blanchard, 8 Pick. 284; Hamilton v. El-
liott, 5 S. & R. 384; Nicoll v. R. R., 2 Kernan, 121; Langley
v. Chapin, 134 Mass. 82.    Equity does not abhor a forfeiture
when it works equity: Brown v. Vandergrift, 80 Pa. 148.    The
question is, what was the intent of the grantor: Means v.
Church, 3 W. & S. 303; Mergenthaler's Ap., 15 W. N. 441;
1 Hilliard on Real Property, 526; Richardson v. Clements, 89
Pa. 503; Ellmaker v. Ellmaker, 4 Watts, 89; Cox v. Freed-
ley, 33 Pa. 130.

A condition against the sale of liquor is not void as in restraint of trade : Canal Co. v. Sikes, 8 Gray, 564 ; Plumb v. Tubbs, 41 N. Y. 442 ; Mfg. Co. v. Marcy, 25 Conn. 251 ; Cowell v. Springs Co., 100 U. S. 56.

Defendant is attempting to set up a new statute of limitations : Hamilton v. Elliott, 5 S. & R. 386 ; Jackson v. Crysler, 1 Johns. 125.

OPINION BY MR. JUSTICE FELL, July 11, 1894:

This was an action of ejectment for breach of a condition in a deed.   In 1870 the plaintiff granted the land in fee to David Maxey, who in 1874 conveyed to the defendant.   The habendum of the first deed contained the following : " Subject nevertheless to the condition that no spirituous or other intoxicating drinks shall be sold or vended on the premises."

Upon the trial in 1893 the defendant offered to prove that liquor had been sold on the premises under license continuously since 1879, with notice to the plaintiff through its real estate agent who had signed the receipt to the deed, and that counsel of the company appeared in court to object to the license ; and that permanent and valuable improvements had been made without notice from the plaintiff of any forfeiture. This offer was rejected on the ground that nothing less than twenty-one years' sale of liquor on the premises would bar the plaintiff of its right to forfeit the title under the condition, and the jury was instructed to find for the plaintiff.

The right of re-entry might have been enforced upon breach of the condition in the deed, if done at once or within a reasonable time ; but the condition being a condition subsequent, if the breach was acquiesced in by the grantor and valuable improvements made, a forfeiture of the estate should not, after long delay, be permitted.   " Courts of law always lean against a forfeiture, and it is the province of a court of equity to relieve against it : " Newman v. Rutter, · 8 Watts, 55.   This is peculiarly a case for the application of equitable principles. The plaintiff had a right to the strict enforcement of the condition, but if with knowledge and without objection it stood by for eleven years while improvements were made to adapt the property to the forbidden use, equity will not permit a forfeiture of the estate, but leave it to its other remedies.   If

these were the facts the defendant should have been permitted to show them, and to this end the rejected testimony was directed.

The first and second assignments of error are sustained, and the judgment is reversed and a venire de novo awarded.