# Brown, Appellant, *v.* Kemmerer.

*Equity—Laches—Constructive trust.*

Where a party, having the right to set aside a transaction or treat it as a trust, stands by and sees another dealing with the property in a manner inconsistent with any trust and makes no objection, a delay of less than six years may bar a suit in equity.

Argued Feb. 20, 1906. Appeal, No. 343, Jan. T., 1905, by plaintiff, from decree of C. P. Lackawanna Co., May T., 1903, No. 8, dismissing bill in equity in case of John J. Brown et al. v. John M. Kemmerer et al. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for discovery and an account. Before EDWARDS, P. J.

The opinion of the Supreme Court states the facts.

*Error assigned* was decree dismissing the bill.

*I. H. Burns,* with him *A. A. Vosburg, Charles W. Dawson, J. F. Scragg, B. F. Tinkham* and *T. C. Von Storch,* for appellant.

*Everett Warren,* of *Willard, Warren & Knapp,* with him *Welles & Torrey,* for appellees.

PER CURIAM, March 19, 1906:

This was a bill filed in April, 1903, by stockholders of the Scranton Lace Curtain Manufacturing Company against Kemmerer, the former president of the company, Creighton, a former director, and what may be called for distinction the new Scranton Lace Company. The bill set forth that by fraudulent conspiracy between Kemmerer and Creighton the latter was allowed to recover a judgment against the company which did not represent any valid indebtedness; that on this judgment first the personal property of the company was sold for much less than its value, was bought in by Creighton and resold by him a few months afterwards for more than enough to satisfy

all his alleged claim against the company; and that notwithstanding these facts the real estate and fixtures were subsequently sold on the same judgment, bought in by Creighton and resold at a large profit to the new Scranton Lace Company. The answer denied all the allegations of fraud, and set up the statute of limitations and laches in bringing the suit.

The learned judge below (EDWARDS, P. J.) found the facts in detail, but also found "generally that all the allegations of the bill of complaint charging the defendants with fraud, collusion, mismanagement and conspiracy, are unsupported by the evidence." And in order to avoid a long discussion of the evidence he rested the case on the question of laches, in the following opinion:

" Laches for less than six years, aided by other circumstances, will bar a right. Equity presumes against the existence of a trust unless it is asserted within a reasonable time. It is difficult to decide what is the reasonable time within which a constructive trust must be asserted. Each case must be judged by its own facts and circumstances. In some cases, a delay of six years may not constitute laches; in other cases, a delay of less than six years may do so. Where a party, having the right to set aside a transaction or treat it as a trust, stands by and sees another dealing with the property in a manner inconsistent with any trust and makes no objection, a delay of less than six years may bar a suit. As was said by the United States Supreme Court in Twin-Lick Oil Co. v. Marbury, 91 U. S. 587, ' We are but little aided by the analogies of the statutes of limitation.' "

" What are the circumstances in the present case ? All the matters complained of occurred in 1897, in February when the personal property was sold, in March when the real estate was sold, and by June or July, at farthest, when the new company was incorporated and the real estate was finally transferred to it. All the stockholders of the old company, including plaintiffs, knew what was going on. Nothing was concealed from them. Actual and particular information was given them by circular. The new corporation took possession of the property and operated it. Improvements were made and new machinery substituted for the old. Nevertheless, the plaintiffs stood by and saw all this taking place without taking any

steps to assert the existence of a constructive trust in their favor in the matter of the $70,000 issue of bonds. Everything the plaintiffs knew when they filed their bill they knew early in 1897; and can a party who alleges that he has been defrauded, or that a trust exists for his benefit, speculate upon the chances which the future may give him of deciding whether or not it will be profitable for him to uncover the fraud or to assert the trust? We think not.

" Therefore we conclude : That the plaintiff's bill should be dismissed on the ground of laches."

As this covers the only question of any legal interest in the case, the decree is affirmed on that part of the opinion of the court below.