## Scott et al. *v.* Etna-Connellsville Coke Co., Appellant.

*Contract—Collection of refund "on taxes"—Principal of refund —Interest on refund—Construction of written agreement—Words and phrases—"On."*

1. Where a corporation agrees in writing to pay plaintiff a certain percentage of "any and all refunds on taxes" which might be obtained from the national government through the professional services of plaintiff, the latter is entitled to the percentage on the principal of the refund and also on the interest which has accrued.

2. The amount of the taxes erroneously paid by the corporation, and which, under the law, the government had to refund, grew while in the hands of the government, by addition of the interest allowed by statute, and this accretion formed part of the government's refund to the corporation.

3. The word "on," as used in the contract, has a broader meaning than the word "of"; it is akin to the phrase "on account of" or "arising out of."

Argued March 13, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 39, March T., 1928, by defendant, from judgment of C. P. Fayette Co., June T., 1926, No. 751, on directed verdict for plaintiffs, in case of H. B. Scott and H. A. Boschert, trading as Scott-Boschert & Co. v. Etna-Connellsville Coke Co.   Affirmed.

Assumpsit on a written contract of employment.   Before HENDERSON, J.

The opinion of the Supreme Court states the facts.

Directed verdict and judgment for plaintiffs for $3,435.   Defendant appealed.

*Error assigned,* inter alia, was in directing verdict for plaintiff, quoting record.

*H. S. Dumbauld,* with him *Stanley Lyon,* for appellant.

*Paul E. Hutchinson,* with him *John C. Sheriff,* for appellees.

PER CURIAM, April 9, 1928:

Defendant corporation agreed by written contract to pay plaintiffs a certain percentage of "any and all refunds on taxes" which might be obtained from the national government through the professional efforts of plaintiffs. Certain refunds of taxes were made by the government, and these included interest. Defendant was willing to pay the percentage designated in the contract on the amount of actual taxes refunded, but refused to surrender to plaintiffs any part of the interest. The court below allowed recovery of the designated percentage of the principal amount refunded to defendant and a like percentage of the interest. The only question involved on this appeal is whether plaintiffs were entitled under the contract to any part of such interest.

The following excerpt from the opinion of the court below, in which we have transposed certain phrases, sufficiently disposes of the above-stated question: "The plaintiffs established the existence of a debt from the Treasury Department to the defendant......which ......was paid with interest. The [taxes thus refunded] and the interest thereon constitute the total amount of money actually [received by] defendant for taxes erroneously paid...... The interest is part of the debt [which was due to defendant and paid to it by the government]; it is not set apart from the debt under the contract [here] sued upon. The contract does not read refund of tax, but a refund 'on' tax. The word 'on' is of considerable significance; its meaning here is broader than the word 'of'; it is akin to the phrase 'on account of' or 'arising out of,' and a refund 'on' tax would include all paid on account of the refund." In

other words, the amount of taxes erroneously paid by defendant, and which, under the law, the government had to refund, grew, while in the hands of the government, by the addition of the interest allowed by statute, and this accretion formed part of the government's refund to defendant.

We agree with what is said in another part of the opinion of the court below, that a consideration of the particular provisions of the federal statutes providing for the refund of taxes and for payment of interest thereon is not essential to, and would not be helpful in, the solution of this case.

The judgment is affirmed.