Uniontown Savings & Loan Company *v.* Alicia Land Company, Appellant, et al.

228

Argued March 19, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Linn Voorhees Phillips,* for appellant.

*Daniel S. Robinson,* of *Robinson & Robinson,* for appellee, was not heard.

OPINION BY MR. JUSTICE PATTERSON, May 6, 1940:

This appeal is from a decree directing the reformation of a deed on the ground of mistake.

By deed, prepared by it, dated January 20, 1925, Alicia Land Company, appellant, conveyed to Clarence Edward Shaffer and Mary Jane Shaffer, his wife, lot No. 22 on its plan of lots in Luzerne Township, Fayette County, Pennsylvania. This conveyance was presumably made in pursuance of a previous arrangement between Shaffer and the land company whereby the latter agreed to convey to the former a lot which Shaffer and one Charles F. Colbert, Sr., appellant's president, had selected and identified on the ground, with the aid of blue prints and a tape line. The lot thus selected was in fact No. 21 on appellant's plan of lots.

The Shaffers entered upon lot No. 21, which they believed had been conveyed to them, as the court below found, and erected thereon a six room dwelling house and a garage. Thereafter, on May 11, 1927, the Shaffers borrowed the sum of $2,500 from appellee, Uniontown Savings and Loan Company, and, as security for the repayment thereof, executed and delivered to appellee a bond and mortgage wherein the description of the mortgaged premises was the same as that contained in the deed from appellant land company to the Shaffers. On May 5, 1933, no longer able to meet the payments on the bond and mortgage as they became due, the Shaffers executed and delivered to appellee, in lieu of foreclosure, their deed for lot No. 22, which deed the bank accepted and placed of record.

The Shaffers were in continuous and undisturbed possession of lot No. 21 until the date of their deed to appellee in 1933 and thereafter, until the early part of November, 1936, they occupied the house as appellee's tenant. Upon the Shaffers' removal from the premises, but not before, appellant asserted an intention to take possession, whereupon appellee, on May 10, 1937, filed its bill asking for reformation.

The court below found that it was the intention of the parties that the Alicia Land Company should convey the land which Shaffer had selected and upon which

the improvements were constructed, which was in fact lot No. 21. The court found further that lot No. 22 was described in the deed instead of No. 21, the lot actually selected, by a mutual mistake of fact, as a result of which the original deed to the Shaffers, the mortgage to appellee and the final deed to appellee, all contained the misdescription of the property actually intended to be conveyed.

The court below directed that the words or figures "No. 22" be stricken from the descriptions in the deed from appellant to the Shaffers and the deed from the Shaffers to Uniontown Savings & Loan Company, that the words and figures "No. 21" be inserted in lieu thereof, and that the official records, in the appropriate office for the recording of deeds, be changed and corrected accordingly.

Appellant admits that "the chancellor has well and fairly stated the facts of this case"; thus the only question is as to the propriety of the decree.

Appellant contended in the court below, and here likewise contends, that the relief prayed for should not be granted because of negligence on the part of appellee and its predecessor in title, and on the further ground that appellee and its predecessor are guilty of laches.

The right, in equity, to reformation of a deed, when there has been a mutual mistake in the description of the land intended to be conveyed thereby, as distinguished from a mistake as to the identity of the property itself, is well settled in the absence of intervening rights of innocent third persons or other considerations which would make reformation inequitable. The relevant principles of law are discussed at length in *Radnor Building & Loan Assn. v. Scott et al.,* 277 Pa. 56, and *Armstrong County Building & Loan Assn. v. Guffey et al.,* 132 Pa. Superior Ct. 19, both of which cases are, on their facts, closely analogous to the present case. Referring to these cases the court below said: "The case of Radnor Building & Loan Assn. v. Scott is in many

respects parallel to our case. Its reasoning, together with the reference to authorities upon which it relics, practically compels a decree reforming the deed in question. If any doubt were present in the mind of the chancellor, after a study of that case, it would be dispelled by the opinion of the Superior Court, in Armstrong County Building & Loan Assn. of Ford City v. Guffey." The court below was correct in holding that the present case is ruled by the decisions referred to.

While it is the general rule that a mistake will not be relieved against if it is the result of the moving party's own negligence, it was expressly held by this Court in *Radnor Building & Loan Assn. v. Scott,* supra, that failure to have a survey made when the money was advanced does not of itself constitute such negligence as to prevent the securing of relief. Appellant's contention that this inadvertence on the part of appellee's predecessor in title at the time of execution of the deed, in which appellant shared, falls within the category of supine negligence which would bar the right to reformation was therefore properly dismissed by the court below, as was also its contention that relief should have been refused for laches, in view of the fact that appellee and its predecessor in title, the Shaffers, enjoyed undisturbed possession of the property in question and the improvements constructed thereon by the Shaffers, until shortly before this bill in equity was filed. "Laches will not be imputed to one in peaceable possession of land for delay in resorting to a court of equity to establish his right to the legal title. The possession is notice to all, of the possessor's equitable rights, and he need only to assert them when he may find occasion to do so": *Kepler v. Kepler et al.,* 330 Pa. 441, 448; *Keck v. Vandyke,* 292 Pa. 532, 537; *Master v. Roberts,* 244 Pa. 342; *White v. Patterson,* 139 Pa. 429, 438; *Harris v. Harris,* 70 Pa. 170; *Richards v. Elwell,* 48 Pa. 361; *DuBois v. Baum,* 46 Pa. 537.

Appellant stresses, as an additional ground for refusing appellee bank's right to reformation, the refusal by the Shaffers to accept an offer of adjustment made by appellant, when the mistake was first discovered, in 1928, which offer has not been repeated. Whatever effect, if any, this might have upon the equities of the situation as between appellant and the Shaffers, inasmuch as this transaction occurred subsequent to the execution of appellee's mortgage and appellee had no knowledge thereof and knew nothing of the mistake until after it took title by deed, in lieu of foreclosure, in 1933, the court below properly held that it was not bound by any equities that may have been forfeited thereby by the Shaffers. Cf. *Puharic et al. v. Novy et al.*, 317 Pa. 199, 204; *Armstrong Building & Loan Assn. v. Guffey*, supra.

Appellant states: "Any one fact in itself might not be sufficient but the sum total is conclusive." After a careful review of the record before us, we are of one mind that the decree is fully warranted by the facts as found by the court below, whether the grounds urged by appellant in bar of relief be considered individually or collectively.

Decree affirmed, respective parties to pay their own costs.