363 A.2d 793

Mary C. STOLARICK, Appellant,

v.

John STOLARICK and George Stolarick.

Superior Court of Pennsylvania.
June 28, 1976.

500

Richard M. Goldberg, Wilkes-Barre, for appellant.

Chester B. Muroski, P. Savage, Wilkes-Barre, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant brought a petition for declaratory judgment[1] in the Court of Common Pleas of Luzerne County on August 20, 1974, seeking an interpretation of certain deed provisions. The court below filed a declaration and decree nisi on February 18, 1975, adjudging appellant the owner of an undivided one-half interest in

---

1. Uniform Declaratory Judgment Act, 1923, June 18, P.L. 840, § 1 et seq., 12 P.S. § 831 et seq. See *Guerra v. Galatic*, 185 Pa.Super. 385, 137 A.2d 866 (1958).

the property and appellees the owners of the other one-half. Appellant contends that the court below erred in holding that appellant's delay in commencing legal action barred her claim to sole title to the entire fee.

In 1918, appellant's parents, Steven and Mary Stolarick, moved to the family farm which is the subject of this dispute. Steven and Mary had ten children: appellant, Michael, John, Andrew, Joseph, Frank, George, Anna, Katherine, and Steven, Jr.

In August, 1923, Steven and Mary conveyed the farm to Michael and John Stolarick by deed which contained the following provisions:

"The said Grantees, Mike Stolarick and John Stolarick, . . . agree to pay to Steven Stolarick the sum of six dollars on the first day of each month as long as he may live, to furnish him with board and home as long as he may live. To furnish their mother, Mary Stolarick, with a home during her life together with suitable clothing, also the same to their three sisters, Anna, Mary, and Katie Stolarick until they become of full age of 21 years. To Steven Stolarick, Junior, the sum of One Hundred dollars ⌐⌐ the death of father and mother. At the death of Steven and Mary Stolarick the said Mike and John are to pay to their brothers, Andrew, Joseph, Frank and George, to their sisters, Anna, Mary and Katie Solarick, if said sisters are of ages, [sic] if not of ages [sic] to be paid when they are, a sum of money in equal shares not to exceed one-half the value of the within described farm. Should the Grantees, Mike and John Stolarick, default in any of the conditions or payments mentioned in this Deed then this Deed to be void and of no effect and to revert to the Grantors or their estate."

Steven Stolarick, appellant's father, died on February 16, 1929. Michael Stolarick, one of the two grantees, died intestate in 1947, and Michael's interest passed to his mother, Mary. Mary Stolarick died testate on February 11, 1953, leaving all her property to her son An-

drew and to appellant. John Stolarick, the other grantee, died on June 11, 1964. His interest in the farm descended to his two sons, John and George, the appellees in this matter. On November 7, 1973, Andrew Stolarick died and, by his will, devised his entire estate to appellant.

On August 21, 1974, appellant filed a petition for declaratory judgment with the Court of Common Pleas of Luzerne County seeking a determination of title to the land under the 1918 deed. At trial on December 17, 1974, the court heard testimony from Katherine Stolarick Disque, appellant's 60 year-old sister; Steven Stolarick, Jr., appellant's 81 year-old brother; Frank Stolarick, appellant's 73 year-old brother; and appellees, appellant's nephews.

Katherine Stolarick Disque testified that the deed was executed and delivered in her presence. She stated that Joseph, George, Anna, appellant and she were living on the farm at the time of her father's death in 1929. Neither grantee lived on the farm; however, Michael, and not John, looked after his semi-invalid mother and his brothers and sisters until his death in 1937. She testified that she did not receive any payments from either of the grantees or their successors in interest when Mary Stolarick died or thereafter, despite the fact that she requested payment from her brother John. According to Katherine after Michael's death, Andrew and Mary provided for all of their mother's needs. John lived on the farm from 1931 until several years before his mother's death but never contributed to the maintenance of the family. John left the farm when he learned that his mother's will left her entire estate to Andrew and appellant. Finally, Katherine testified that she was unsuccessful in getting either her brother John, or his two sons, appellees, to agree to comply with the provisions of the deed, although several meetings were held to arrange an amicable settlement.

Steven Stolarick, Jr., testified that after his mother's death he never received the hundred dollars required by the deed although he approached John Stolarick, his brother, four or five times to arrange settlement of the matter, because John was unwilling to agree to a settlement.

Frank Stolarick testified that he never received the payments provided in the deed and that he also attended several family meetings to arrange settlement. He testified that after his brother Michael died John did not provide support for his mother. However, he testified that John received no rent from the farm, from his mother, Andrew, or appellant.

Appellee George Stolarick, John's son, 33, testified that his father never received profits from operation of the farm and that he had no knowledge of any proposed settlements except for a conference with a lawyer in 1970. He conceded on cross-examination that his father did receive $7 per week from Michael and certain produce from the farm. Appellee John Henry Stolarick, age 35, testified that he did not know whether his father had made the payments required by the deed, that he never made payments on his father's behalf, and that neither he nor his brother ever did any work on the farm.

At the conclusion of the trial, the court held that appellant owned an undivided one half interest in the farm and appellees owned the other undivided half interest. Further, the court ordered the owners to pay $100 to Steven Stolarick, Jr., or his heirs and to pay within six months a sum of money equal to one-half the present fair market value in equal shares to Andrew, Joseph, Frank, George, and Anna Stolarick, Katherine Stolarick Disque, and appellant, or their heirs. This appeal followed.

To determine legal title in the instant case, we must first define the nature of the legal interests created by the deed of 1918. If the deed creates an estate

in fee simple determinable, the estate of the grantees would expire automatically upon the failure of the grantees to comply with the limitations in the deed. Thus, the grantors would have a possibility of reverter. Restatement of Property § 44 (1936); *accord, McCall v. Umbenhauer,* 270 Pa. 351, 113 A. 423 (1912); *Union Canal Co. v. Young,* 1 Wheaton 410 (1836). If, on the other hand, the deed conveyed a fee simple subject to a condition subsequent, then upon the non-compliance with the stated condition the grantor or his successor in interest would have the power to terminate the preceding estate. Thus, the grantors would have a right of re-entry. Restatement of Property § 45 (1936); see, *Commonwealth v. Koontz,* 258 Pa. 64, 101 A. 863 (1917); *Bear v. Whisler,* 7 Watts 144 (1838). The principal distinction between the two estates is that a right of re-entry requires some action to perfect title by the grantor or his successor, while a reverter vests automatically. Restatement of Property § 57 (1936).

██ The deed in the instant case is clearly framed in conditional language except for the provision that in the event of non-performance, the deed was to be "null and void" and the farm was to revert to the grantors. "When an otherwise effective conveyance contains a clause which provides that 'if,' or 'upon the condition that,' or 'provided that' a stated event occurs, then the estate created 'shall be null and void' or 'shall revert back,' a problem in construction is presented as to whether such conveyance creates an estate in fee simple subject to a condition subsequent or an estate in fee simple determinable. Such a conveyance more commonly manifests an intent to create an estate in fee simple subject to a condition subsequent." Restatement of Property § 45, Comment m. *Accord, Pennsylvania Horticultural Society v. Craig,* 240 Pa. 137, 87 A. 678 (1913); *Watters v. Bredin,* 70 Pa. 235 (1871); *Pennsylvania R. R. Co. v. Parke,* 42 Pa. 31 (1862); *McKissick v. Pickle,* 16 Pa. 140

(1851); *Westenberger v. Reist,* 13 Pa. 594 (1850). We hold, therefore, that because there is no evidence of a contrary intent, the deed in the instant case conveyed a fee simple subject to a condition subsequent.

Thus, John and Michael Stolarick held a conditional fee, and the grantors reserved a right of re-entry to themselves and their heirs in the event that the conditions were not performed. When Michael died in 1947, his interest in the conditional fee passed by intestacy to his mother. At the time of the death of Mary Stolarick, the sole surviving grantor, in 1953, therefore, her devisees, appellant and Andrew, had a right of re-entry to the entire fee. Upon Andrew's death in 1973, his interest was devised to appellant. Thus, at the time the instant suit was brought, appellant held a right of re-entry to the entire fee.

None of the parties to the instant case disputes the interests created by the deed and subsequently passed by will or intestacy. Further, none of the parties disputes that the holder of a right of re-entry shall perfect his title after a breach of condition subsequent either by peaceable re-entry or by an action at law. *Smith v. Glen Alden Coal Co.,* 347 Pa. 290, 32 A.2d 227 (1943). The right of re-entry in the instant case accrued in 1953 upon the death of Mary Stolarick and the breach of the condition subsequent. At that time, the holders of the right of re-entry, appellant and Andrew, were in possession of the fee, and they remained in possession continuously. As of 1953, therefore, appellant and Andrew held equitable title to the entire fee because their possession was notice to all of their equitable right. *Keck v. Van Dyke,* 292 Pa. 532, 141 A. 446 (1928). In order to remove any cloud on their title, however, the holders of the right of re-entry would have to commence legal action following the exercise of their right. That is precisely the basis of the instant suit brought by appellant. Ap-

pellees' sole contention is that because appellant was already in possession at the time of the alleged breach, the delay in commencing legal action precludes her from asserting her interest under the doctrines of laches, waiver or estoppel. The lower court held that appellant was precluded by laches from having her title confirmed, despite any equitable rights she may have possessed.

 It is well settled that " '[l]aches will not be imputed to one in peaceable possession of land, for delay in resorting to a court of equity to establish his right to the legal title. The possession is notice to all, of the possessor's equitable rights, and he need only assert them when he may find occasion to do so.' *White v. Patterson*, 139 Pa. 429, 438, 21 A. 360, 361; *Master v. Roberts*, 244 Pa. 342, 90 A. 734." *Keck v. Van Dyke*, supra, 292 Pa. at 537, 141 A. 448. See also *Chambers v. Chambers*, 406 Pa. 50, 176 A.2d 673 (1962) ; *Allardice v. McCain*, 375 Pa. 528, 101 A.2d 385 (1953); *Uniontown Savings and Loan Co. v. Alicia Land Co.*, 338 Pa. 227, 13 A.2d 65 (1940) and cases cited therein; *Kutztown Fair Association v. Frey*, 183 Pa.Super. 516, 132 A.2d 912 (1957). The dissenting opinion suggests we should ignore this well established rule because appellant was in possession at the time that her right of re-entry accrued. No such exception to the rule exists. A long accepted rule of property should not be ignored absent compelling reasons of public policy or the imperative demands of justice. *Smith v. Glen Alden Coal Co.*, supra. In *Allardice v. McCain*, supra 375 Pa. at 535, 101 A.2d at 388: ". . . the plaintiffs were originally in possession under a lease; this type of possession was in subordination to defendants' title and an unequivocal recognition of it. However, when the agreement of sale was executed by the parties, the plaintiff became the owners in equity and the defendants held the legal title only as security for the purchase price. From that moment on plaintiffs' possession amounted to the adverse assertion of an equita-

ble right." The Court held that plaintiffs' delay in commencing suit to secure legal title did not give rise to laches, even though plaintiffs were in possession prior to the accrual of their right to possession under a claim of title. See also, *Uniontown Savings and Loan Co. v. Alicia Land Co.*, supra. Thus, the burden of prompt action to perfect title to land falls on the party out of possession. If any laches are to be imputed in the instant case, they must be imputed to appellees and their predecessor in title. Appellant cannot be guilty of laches because it is undisputed that she has enjoyed continuous possession from 1943 until the present.

The dissent further contends that appellant may be barred from asserting her right of re-entry by operation of waiver or by estoppel. As the lower court notes, neither waiver nor estoppel were advanced in the proceedings below. Nevertheless, neither theory would sustain the decree of the lower court.

An "[e]stoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts." *Tallarico Estate*, 425 Pa. 280, 288, 228 A.2d 736, 741 (1967) quoting *Northwestern National Bank v. Commonwealth*, 345 Pa. 192, 196, 197, 27 A.2d 20 (1942). The elements of estoppel are: (1) misleading words, conduct or silence by the party against whom the estoppel is asserted, (2) unambiguous proof of reasonable reliance on the misrepresentation by the party seeking to assert the estoppel, and (3) no duty of inquiry on the party seeking to assert estoppel. If all the foregoing are present, a court of equity may prevent the party who misled the other from denying his words or conduct. *Tallarico Estate*, supra.

510

■ In the instant case, no estoppel arises. Appellees fail to assert that appellant was silent. On the contrary, they admit that appellant and her brothers and sisters attempted to secure amicable compliance with the conditions in the deed. There is an absence of proof of reasonable reliance. Further, because appellant was in possession and because the terms of the deed were so clear, the appellees were under a duty of inquiry. Thus appellant cannot be estopped from asserting that her possession of the land was an exercise of her right to re-entry.

■ The theory of waiver is similarly unavailable to appellees. " 'Equity will not lend its aid to one who has slept upon his rights until the original transaction is obscured by lapse of years and death of parties. *Kinter v. Commonwealth Trust Co.*, 274 Pa. 436, 118 A. 392 and where a party having the right to set aside a transaction stands by and sees another dealing with the property in a manner inconsistent with his alleged claim and makes no objection, a . . . [substantial delay] will bar a suit in equity. *Brown v. Kemmerer*, 214 Pa. 521, 63 A. 822. . . .' " *Silver v. Korr*, 392 Pa. 26, 29, 139 A.2d 552, 555 (1958), quoting *First National Bank v. Lytle Coal Co.*, 332 Pa. 394, 396, 3 A.2d 350 (1938). For a party to assert waiver of the right of re-entry on breach of condition subsequent, the holder of the right of re-entry must acquiesce in the breach, there must be a long delay, and the party asserting waiver must be able to show that valuable improvements were made on the property such that declaration of a forfeiture would be inequitable. *Fidelity Insurance, Trust and Safe Deposit Company v. Fridenberg*, 175 Pa. 500, 34 A. 848 (1896); *Lehigh Coal Co. v. Early*, 162 Pa. 338, 29 A. 736 (1894). Appellees testified that neither they nor their father ever made valuable improvements to the land. There is ample testimony by all witnesses to support the conclusion that appellees and their predecessor

in title were reminded several times of their obligation under the deed to make the payments which were due when the last grantor died. There was, therefore, no acquiescence by appellant. Delay alone is not sufficient to establish a waiver.

Thus, we conclude that appellant could not be guilty of laches and that appellees have not established either waiver or estoppel. There is no dispute that neither appellees' father nor appellees made the payments required on the death of the last grantor. We, therefore, confirm sole title in appellant, the holder of the right of re-entry.[2]

In reaching this conclusion, we have given full weight to the findings of fact of the chancellor in the court below. It is ". . . well settled that a chancellor's conclusions, whether of law or ultimate fact, are no more than his reasoning from the underlying facts and are reviewable, especially where the underlying facts themselves are not in esse but are matters of inference and deduction. *Sechler v. Sechler*, 403 Pa. 1, 4, 5, 169 A.2d 78; *Commonwealth Trust Co., Adm'r v. Szabo*, 391 Pa. 272, 276, 277, 138 A.2d 85." *Chambers v. Chambers*, supra, 406 Pa. at 56, 176 A.2d at 676. In the instant case, we do not disturb the findings of fact but merely the conclusions deduced therefrom. See *Tallarico Estate*, supra.

We reverse the decree and remand the cause for proceedings consistent with this opinion.

WATKINS, President Judge, files a dissenting opinion in which JACOBS and CERCONE, JJ., join.

WATKINS, President Judge (dissenting).

In August of 1923 Steven Stolarick and Mary Stolarick, his wife, executed a deed conveying certain land situate

2. The lower court also ordered that appellant and appellees make cash payments in accordance with the provisions in the 1918 deed. Because the propriety of this part of the court's decree was not raised by either party, I would not reach the question.

in Lehman Township, Luzerne County, Pennsylvania, unto Mike Stolarick and John Stolarick, sons of the grantors. This deed was duly recorded on May 23, 1924. The handwritten deed contained the following conditions:

(1) The grantees were obligated to pay Steven Stolarick the sum of Six dollars per acre per month and to provide him with board and a home as long as he lived.

(2) The grantees were to provide Mary Stolarick with a home and suitable clothing for life.

(3) The grantees were to furnish suitable clothing and a home for their sisters, Anna, Mary and Katie Stolarick, until they became twenty-one years of age.

(4) The grantees were to pay Steven Stolarick, Jr., the sum of One Hundred Dollars upon the death of the grantors.

(5) Upon the death of the grantors, the grantees were to pay their brothers, Andrew, Frank, Joseph and George, and their sisters, Anna, Mary and Katie, in equal shares, a sum of money not to exceed one-half of the value of the farm described in the deed.

(6) In the event that the grantees defaulted in any of the conditions of payment set forth in the deed, then the deed was to be voided and of no effect and the premises was to revert to the grantors.

Steven Stolarick, grantor, died in 1929 while residing on the premises. Mary Stolarick, grantor, died in 1953 while residing on the premises. The sisters of the grantees all resided on the farm until they reached twenty-one years of age. Mary C. Stolarick, appellant, daughter of the grantors, has resided on the premises continuously up to the present date. Mike Stolarick, one of the grantees, died in 1947 which was prior to his mother's death in 1953, when the fourth and fifth conditions in the deed were to be performed. The interest of Mike

in the premises passed to his mother, Mary Stolarick, grantor, under the intestate laws of the Commonwealth.

Mary Stolarick, original grantor, died in 1953 and her interest, which at that time was an undivided one-half, passed under her will unto Andrew Stolarick and Mary Stolarick, the appellant. John Stolarick, one of the original grantees, died on June 11, 1964, leaving his interest by will to John Stolarick and George Stolarick, his sons, the appellees in this action. Andrew Stolarick, brother of Mary, the appellant, died November 7, 1973, devising his estate unto Mary C. Stolarick, the appellant.

Mary C. Stolarick now contends that she is the sole owner of the premises because John Stolarick, one of the original grantees, under whom the appellees claim their interest, failed to perform certain conditions set forth in the original deed and therefore the premises reverted to Mary Stolarick, one of the original grantors, under whom Mary C. Stolarick claims her interest.

The court below held that appellant's interest in the premises is an undivided one-half and that the appellees also have an undivided one-half interest. The court directed the owners of the premises to make the payments to the other family members as set forth in the deed.[1]

Appellees assert that the appellant was guilty of laches because her mother died in 1953 and she did not take action as to the forfeiture of John Stolarick's interest until 1974. Appellant contends that laches cannot be imputed to one in peaceful possession of land so that this contention falls because Mary C. Stolarick has lived on the premises continuously up until this time. Generally, laches will not be imputed to one in peaceful possession of land. *Kutztown Fair Association v. Frey*, 183 Pa.Super.

---

1. This court recognizes the distinction between conveyances which provide for the possibility of reverter and cases where an automatic reverter takes place in the event of some occurrence. However, since this issue was not dealt with in the court below, we decline to pass upon its merits now.

516, 132 A.2d 912 (1957). The appellees contend that the policy behind this rule is to protect those in peaceful possession by holding that the exercise of dominion over the land provides notice to all the world of that person's interest in the premises. In the instant case the rule is not applicable because its reason does not exist. Mary continued to reside in her parents' residence, a place where she has always resided. Thus her continued habitation did not provide "notice" to anyone as to the purported equitable interest in the land.

Since she lived in the premises since 1943, it must also be noted that she lived there with no interest at all until 1953 when her mother died and she was devised her interest in the land. Therefore, we agree with the appellees and the court below that it it hard to see how the appellant's presence in the premises would provide notice to anyone of her present claim.

It is also true that laches will not be invoked unless some prejudice results to a party because of the delay. *Grote Trust*, 390 Pa. 261, 135 A.2d 383 (1957). It is apparent that such prejudice resulted to the appellees in the instant case since their father, under whom they claim their interest, died in 1964 and so is not available to testify as to any reasons that might have justified noncompliance with the deed provisions. Since Mary Stolarick, grantor, died in 1953, the appellant had eleven years in which she could have asserted her claim when the said John Stolarick was still alive. Yet she waited until 1974 after the death of Andrew (with whom she shared her interest) who devised his interest to her. Under such circumstances the court below was correct in holding the appellant guilty of laches.

Appellant also claimed that the court below erred when it held the burden to take the necessary steps to effect the reverter was upon the original grantors or upon their estates. Appellant reasons that it is uncontested that certain conditions set forth in the deed were not per-

formed. All the grantor had to do to effectuate the reverter was to enter into peaceful possession of the land and since appellant was the owner of the land and was an heir of the original grantors, the reverter took place automatically and no further action on the part of the appellant was necessary.

However, the right to assert a forfeiture may be waived by the grantor where the grantor (or as in this case, his heir) actively participates in the acts which constitute the breach of the conditions subsequent. *Hitchner v. Gustainis*, 56 Pa.D. & C. 545 (1946). In this well-reasoned case by a lower court it was held that one claiming the violation of a condition subsequent in building within fifty feet of a road in violation of a deed restriction will be estopped from asserting the reverter where that person took an active part in the construction which violated the deed.

In the instant case the appellant is in an anomalous position in that she "wears two hats". On the other hand, as the heir of one of the original grantors, she is in a position to benefit from a reverter due to non-compliance with the deed provisions. On the other hand, as the heir of Mike Stolarick, one of the original grantees who predeceased Mary Stolarick, grantor, she inherited the duty to comply with the provisions in the deed herself in 1953 when her mother died. Therefore appellant, in 1953, was presented with two choices, viz, (1) she could comply with the deed provisions and help to make the appropriate payments to the designated persons, thereby defeating any reverter and securing her one-half undivided interest in the premises, or (2) she could refuse to comply with the deed provisions and thereby claim the entire premises as the heir of Mary Stolarick. She chose the latter option but did not begin any legal proceedings asserting her claim until after the death of Andrew Stolarick, co-heir of her mother. Thus by making no attempt to comply with the deed pro-

visions herself she did actually help to bring about the conditions which could result in a reversion of the property to the grantors. As such she did participate in bringing about the conditions which constituted the breach of the condition subsequent and should not be able to benefit from her own wrongdoing.

Under these circumstances we would hold that the court below acted properly and equitably in returning to the deed in order to effectuate its intent which it correctly held to be that both grantees and their heirs were to have an interest in the premises so long as the appropriate payments to the designated persons were made and not that one person, appellant, was to have the entire premises.[2]

Finally, appellant complained that the court below made findings of fact that were not supported by the record. Specifically, appellant claimed that no evidence was produced showing that the original grantees, John Stolarick and Mike Stolarick, provided support for their parents as provided by the deed. However, the testimony revealed that both grantors resided on the farm until their deaths and had their needs met and that the grantees worked the farm and received no profit from it. In light of this we feel that the court below was justified in finding that the other conditions of the deed were met.

JACOBS and CERCONE, JJ., join in this dissenting opinion..

2. It is apparent that the deed in the instant case was actually an attempt by the grantors to devise their property after their death and, as such, was really a type of will.