**Schuylkill Products, Inc. v. H. Rupert & Sons, Inc.**

*William D. Hutchinson*, for plaintiff.

*J. Arnold Crisman*, for defendant International Fidelity Insurance Company.

MYERS, *P.J.*, February 8, 1980—This action was commenced by the filing of a summons on June 9, 1971. A complaint was filed in June, 1974, and defendant, International Fidelity Insurance Company, filed its answer in September, 1974. The answer raised the statute of limitations as an affirmative defense.

Two pre-trial conferences were then held. At the second pre-trial conference, held in February 1978, Fidelity raised, for the first time, the defense that it was simply a reinsurer and not a party signatory to the bond which forms the basis of this action.

In view of these developments plaintiff requested permission to file an amended complaint. This motion was granted by the court, and an amended complaint was subsequently filed.

Fidelity then filed preliminary objections to the amended complaint in the form of a demurrer and a motion to strike. These objections are now ready for disposition.

1

Fidelity contends that it cannot be sued in this action because it was merely a reinsurer in the surety contract issued by Prudence Mutual Insurance Company. We conclude that Fidelity's position is correct.

Exhibit "E," which is attached to the complaint, creates no obligation between plaintiff and Fidelity. Exhibit "E" simply discloses a reinsurance contract between Fidelity and Prudence Mutual Insurance Company.

A contract of reinsurance benefits only the original insurer and does not confer any right upon the original insured. See 19 Couch on Insurance 2d §80.66, and cases cited therein. The reinsurer is not liable to the original insured, either as surety or otherwise, in the absence of contractual language specifically creating such an obligation.

The original insured has no right, on the theory of an equitable lien or preferred claim, to the proceeds of a reinsurance policy, because the reinsurance contract was not effectuated for his benefit. The original insurer is the only party having any right against the reinsurer since the reinsurance contract indemnifies only the original insurer: Fame Ins. Co. Appeal, 83 Pa. 396 (1877); 19 Couch on Insurance 2d §§80.66, 80.67. "The insolvency of the original insurer does not change the nature of the reinsurer's obligation so as to permit the insured to sue it directly." Id., at §80.66.

Direct action against the reinsurer may be brought by the insured if there exists a third party beneficiary contract to that effect or if the reinsurer is a successor which has agreed to assume the original insurer's liabilities. Neither of these circum-

stances, however, has been alleged in the present case.

Plaintiff nonetheless asserts that the present suit should be permitted for "policy" reasons because direct action would work no harm against the reinsurer which would ultimately be liable for payment in any event. Such a "policy," however, has never been adopted by Pennsylvania's appellate courts. In fact, it is contrary to the overwhelming majority view in the Federal courts and in other state jurisdictions and contravenes the basic principles of insurance contract law.

Accordingly, we conclude that plaintiff's complaint does not state a cause of action against Fidelity since Exhibit "E" indicates that Fidelity was merely a reinsurer.

## 2

Plaintiff contends, in the alternative, that even if Fidelity could normally avoid suit because of its reinsurer status, Fidelity should be estopped from asserting such a defense in the present action in view of misleading representations made by Fidelity to plaintiff. Specifically, plaintiff's complaint alleges that Fidelity's agent informed plaintiff's agent that Fidelity was a principal insurer, not a reinsurer. The complaint further alleges that these representations were made by Fidelity's agent on or about June 8, 1971, and that Fidelity did not raise the defense of its reinsurer status until the second pre-trial conference held in February 1978.

An "'"estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe cer-

tain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts."'" Tallarico Estate, 425 Pa. 280, 286, 228 A. 2d 736, 741 (1967), quoting Northwestern National Bank v. Com., 345 Pa. 192, 196, 27 A. 2d 20, 26 (1942). The elements of estoppel are therefore: (1) misleading words, conduct, or silence by the party against whom the estoppel is asserted; (2) unambiguous proof of reasonable reliance on the misrepresentation by the party seeking to assert the estoppel; and (3) no duty of inquiry on the party seeking to assert the estoppel: Stolarick v. Stolarick, 241 Pa. Superior Ct. 498, 509, 363 A. 2d 793, 799 (1976).

In the present case, no estoppel arises. In our view, plaintiff was under an irrefragable obligation to undertake its own inquiry as to Fidelity's position as a reinsurer or participating surety. At a minimum, plaintiff should have perused Exhibit "E," which readily reveals Fidelity's reinsurer status.

The statute of limitations in this case did not expire until more than one year after Fidelity's agent made the allegedly misleading statements. During the interim, plaintiff had ample opportunity to conduct its own inquiries.

Furthermore, the misleading statements did not, in themselves, prejudice plaintiff. There were two co-sureties involved in this case: United Bonding Company, which is now insolvent; and Prudence Mutual Casualty Company, which plaintiff has not sued.

Even if plaintiff believed that Fidelity was a co-surety, it is reasonable to expect that plaintiff

would also have sued both of the other two co-sureties. Instead, plaintiff sued only United Bonding, and not Prudence. This omission cannot be attributed solely to misleading statements which may have been made about Fidelity's status. Significantly, the complaint fails to allege that plaintiff was induced not to sue Prudence because of the misrepresentations concerning Fidelity.

Given these circumstnaces, the doctrine of equitable estoppel cannot be invoked to bar Fidelity from raising its reinsurer status as a defense.

3

Fidelity also contends that the present action is barred by the statute of limitations. We disagree.

The complaint alleges that plaintiff performed substantial corrective repair work after June 9, 1970. These acts had the effect of extending the statute for an additional year: Valley Forge Industries, Inc. v. Armand Const. Co., 38 Pa. Commonwealth Ct. 603, 394 A. 2d 677 (1978).

Since the complaint was filed on June 9, 1971, the statute of limitations did not run.

## ORDER

And now, February 8, 1980, the demurrer and motion to strike filed by defendant, International Fidelity Insurance Company, are hereby sustained. Plaintiff is hereby granted leave to file an appropriate responsive pleading within 20 days of service of this order.