557 A.2d 770

**Gibson SMITH, Executor of the Estate of Rachael P. Hake, Deceased, Appellee,**

**v.**

**STERNER CHEVROLET–OLDSMOBILE, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1988.

Filed April 17, 1989.

W. William Anderson, York, for appellant.

Gibson Smith, York, in propria persona.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

This is an appeal from a final decree quieting title to real estate and barring lienholders from asserting any right, title, lien, or interest with respect thereto. After careful review, we affirm.

By deed dated January 30, 1981 and duly recorded, Rachael P. Hake conveyed to her son, Roy Paul Hake, a certain tract of land containing approximately 61 acres, together with the improvements thereon, in Chanceford

Township, York County. The deed reserved a life estate to the grantor and contained the following language:

> AND FURTHER, the Grantee covenants that, for and during the remaining term of the Grantor's life, Grantee will do all of the following: (1) reside in the above-described premises; (2) continue to perform or cause to be performed maintenance and repair work about the premises as he has done in the past; (3) insofar as it lies within his power to do so, make necessary improvements to the premises; (4) and otherwise continue to provide support and maintenance for me as he has done in the past. Failure on the part of the Grantee to keep and perform the above covenants shall render the above conveyance void and of no effect. Upon Grantor's death, this condition shall terminate and be of no further force and effect and any reversionary interest, claim or right then existing hereunder shall be forfeited. The covenants contained herein are personal and shall not run with the land or bind subsequent purchasers. Provided further that in the event Grantee predeceases Grantor, this conveyance shall be null and void and of no force and effect, and the above-described premises shall revert to Grantor.

On May 15, 1981, Roy P. Hake executed in favor of Signal Consumer Discount Company a mortgage on the premises. This mortgage was subsequently assigned to First American Title Insurance Company. On May 18, 1982, a judgment was entered against Roy P. Hake by Southern Pennsylvania Bank, now Dauphin Deposit Bank and Trust Company. This judgment was later assigned to Sterner Chevrolet–Oldsmobile, Inc. Additional judgments were recovered by Anthony J. Napoli on September 1, 1982 and by York Bank and Trust Company on November 17, 1982.

On December 30, 1982, Hake executed and delivered to his mother, Rachael P. Hake, a quitclaim deed for the premises in which he recited his failure to perform the covenants imposed by the deed of January 30, 1981. Mrs. Hake remained constantly in possession of and occupied the premises until she died on June 14, 1986. Thereafter, the

executor of her estate, Gibson Smith, commenced an action to quiet title in which he named as defendants the mortgage and judgment creditors of Roy P. Hake. Following trial without jury, the trial court found that Roy P. Hake's interest in the real estate had been a remainder in fee simple subject to conditions subsequent. The court also found that the conditions had not been complied with and that the grantor had enforced a forfeiture by re-entry and re-assertion of her title. Post-trial motions were filed by First American Title Insurance Company and Sterner Chevrolet–Oldsmobile, Inc. When post-trial motions were dismissed, this appeal was filed. First American Title Insurance Company, however, has since withdrawn its appeal, so that the only appeal presently before this Court is that of Sterner Chevrolet–Oldsmobile, Inc.

Appellant does not challenge the trial court's determination that the interest conveyed by mother to son was a remainder in fee simple subject to conditions subsequent. With respect to the conditions to be performed during the lifetimes of grantor and grantee, therefore, it is sufficient for our purposes to observe that the trial court's determination was consistent with the decision of the Superior Court in *Stolarick v. Stolarick*, 241 Pa.Super. 498, 363 A.2d 793 (1976). There, the grantor's deed had imposed conditions and had provided that in the event of nonperformance, the deed was to be "null and void." The Superior Court held that the deed had conveyed title in fee simple subject to a condition subsequent. The Court said:

"When an otherwise effective conveyance contains a clause which provides that 'if,' or 'upon the condition that,' or 'provided that' a stated event occurs, then the estate created 'shall be null and void' or 'shall revert back,' a problem in construction is presented as to whether such conveyance creates an estate in fee simple subject to a condition subsequent or an estate in fee simple determinable. Such a conveyance more commonly manifests an intent to create an estate in fee simple subject to a condition subsequent."

*Id.,* 241 Pa.Superior Ct. at 506, 363 A.2d at 798, quoting Restatement of Property § 45, comment m.

"The grantor of an estate upon condition subsequent has a right of re-entry which becomes enforceable upon breach of the condition." 28 Am.Jur.2d Estates § 161. Whether to treat a breach of the condition as a forfeiture, however, is optional with the grantor. "If it is desired to take advantage of the forfeiture upon breach of the condition, the grantor may enter peaceably if he can do so, or he may maintain an action for recovery of the premises in the event the grantee refuses to surrender possession." *Id.* See: *Smith v. Glen Alden Coal Co.,* 347 Pa. 290, 300, 32 A.2d 227, 233 (1943); *Stolarick v. Stolarick, supra* 241 Pa.Super. at 507, 363 A.2d at 798. The rule of law, therefore, has been stated as follows:

> The breach of a condition subsequent in a deed or will, although the deed or will contains words of forfeiture and re-entry, does not ipso facto produce reverter of title, inasmuch as performance of the condition or a breach thereof may be waived by the grantor or testator and the condition be dispensed with. Thus, if an estate upon condition subsequent has been created, even after breach of the condition, some affirmative act on the part of the creator of the estate or his successors in interest is necessary to defeat the estate conveyed or devised to the grantee or devisee. The estate of the grantee continues in full force until the proper step or steps are taken to consummate the forfeiture, and until entry or action, the quantity of the estate of the grantee is unimpaired. If the right of entry is never exercised, the estate remains as before. The grantee still has possession with all the advantages which, by the common law, belong to possession.

28 Am.Jur.2d Estates § 162 (citations omitted). See also: Restatement of Property § 57.

The trial court found that the grantor, during her lifetime, had effected a re-entry of the premises and had thereby consummated a forfeiture of the estate created by

her deed of January 30, 1981. Appellant argues on appeal, however, that the evidence was insufficient to establish a consummation of the forfeiture during the lifetime of the grantor. Because the right to declare a forfeiture did not survive the grantor, appellant contends, the forfeiture cannot be perfected by the estate of the deceased grantor. This argument, however, is premised upon the misconception that an action at law or in equity is essential to effect a forfeiture.

■ The grantor in this case was in possession of the premises when the conditions were breached. Although the Pennsylvania appellate courts do not appear to have considered the effect of such continued possession, the courts of other jurisdictions have held that "where the party to be benefitted by the breach of a condition subsequent is already in possession of the premises when the condition is breached, so that he cannot make a formal entry, the law presumes that he holds for the purpose of enforcing the forfeiture, in the absence of proof to the contrary." 28 Am.Jur.2d Estates § 163. See: *Frost v. Butler*, 7 Me. 225 (1831); *Hubbard v. Hubbard*, 97 Mass. 188 (1867); *O'Brien v. Wagner*, 94 Mo. 93, 7 S.W. 19 (1888). Here, there was no evidence that the grantor's continued possession was not for the purpose of enforcing the grantee's forfeiture.

On the contrary, the evidence showed that the grantor and grantee had conceded the forfeiture of the grantee's estate. Thus, the grantee had executed and delivered to the grantor a quitclaim deed reciting a breach of the conditions subsequent and reconveying his interest to the grantor. Under these circumstances, the trial court could find, as it did, that a re-entry by the grantor had been perfected.

■ An action to quiet title, subsequently brought by the executor of the deceased grantor's estate, was not essential to the grantor's declaring a forfeiture of the grantee's estate. The forfeiture was perfected by the grantor's re-entry. The subsequent action to quiet title served only to clear the title of clouds resulting from the liens against the grantee's interest in the property by virtue of mortgages

and judgments appearing of record against such grantee. The liens created thereby were also subject to the conditions contained in the grantee's deed, for the deed had been recorded and gave notice to all the world of the nature of the grantee's estate. When the grantee's interest was forfeited, the liens against that interest necessarily fell. They did not continue against the grantor after she had declared the default and exercised her right of re-entry. The trial court correctly so held.

Affirmed.