# Commonwealth *v.* Koontz et al., Appellants.

*Real property—Abandonment—Ejectment—Deeds—Construction —Turnpike companies—Turnpikes sold to Commonwealth.*

1. The characteristic element of abandonment is the voluntary relinquishment of ownership, whereby the thing so dealt with ceases to be the property of any person and becomes the subject of appropriation by the first taker.

2. A transfer of a turnpike by the turnpike company to the Commonwealth for a consideration is not an abandonment of the turnpike.

3. A deed conveying certain real estate to a turnpike company, its successors and assigns, provided "in case the said turnpike road shall be abandoned by the said turnpike company then the house and lot hereby conveyed shall revert to said (grantor) his heirs and assigns." Subsequently the turnpike company conveyed its turnpike road to the Commonwealth for a consideration. In an action of ejectment by the Commonwealth for the real estate which had been conveyed to the turnpike company, defendants, claiming under the original grantors of the land, alleged that the sale of the turnpike to the Commonwealth was an abandonment and that the property had reverted to them. The trial judge directed a verdict for plaintiff upon which judgment was entered. *Held,* no error.

Argued March 6, 1917. Appeal, No. 20, Jan. T., 1917, by defendants, from judgment of C. P. Franklin Co., April T., 1916, No. 183, on directed verdict for plaintiff, in case of Commonwealth of Pennsylvania v. Mary C.

Koontz and Levi L. Horst.   Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Ejectment for land in Franklin County.   Before GILLAN, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff by direction of the court and judgment thereon.   Defendants appealed.

*Error assigned* was in directing a verdict for plaintiff.

*J. A. Strite,* with him *Edwin D. Strite,* for appellants. —The agreement of the turnpike company and the State highway commissioner and the consequent freeing of the road from tolls was an abandonment of the turnpike road by the turnpike company within the meaning of the parties to the deed.

The use of the term "purchase" in the Act of April 11, 1913, Sec. 9, P. L. 59, relating to the taking over of the turnpike by the Commonwealth does not make the act of the turnpike company any less an abandonment of its turnpike road so far as the rights of the defendant are concerned: Ammant v. Pres., Mgrs. & Co. of the New Alexandria & Pittsburgh Turnpike Road, 13 S. & R. 210; Susquehanna Canal Co. v. Bonham, 9 W. & S. 27.

*William H. Keller,* First Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellee.—A sale and conveyance by deed to the Commonwealth is not an abandonment of the turnpike: St. Peter's Church v. Bragaw, 10 L. R. A. (N. S.) 633; Stephens v. Mansfield, 11 Cal. 363; Richardson v. McNulty et al., 24 Cal. 339; McLeran v. Benton et al., 43 Cal. 467; Middle Creek Ditch Co. v. Henry et al., 39 Pac. Repr. 1054; Hogan v. Gaskill et al., 6 Atl. Repr. 879; Watts et al. v. Spencer et al., 94 Pac. Repr. 39; Canton Co. of Balto. v. Balto. & Ohio R. R. Co., 57 Atl. Repr. 637; Beebe's Heirs v. Little Rock et al., 56 S. W.

Repr. 791; Worsham v. Texas, 120 S. W. Repr. 439; Scott v. Moore, 81 Amer. St. Rep. 749; Norman v. Corbley, 79 Pac. Repr. 1059; Derry v. Ross et al., 5 Colo. 295; Smith v. Cushing et al., 41 Cal. 97; Judson & Place v. Malloy et al., 40 Cal. 299; Miller v. Cresson, 5 W. & S. 284; Philadelphia v. Riddle, 25 Pa. 259; McMillin v. Titus, 222 Pa. 500; Patterson v. Williams, 52 Pa. Superior Ct. 299; Russell v. Stratton, 201 Pa. 277; Emery v. Regester, 17 Pa. Superior Ct. 482; Aye et al. v. Philadelphia Co., 193 Pa. 451; Cotter v. Philadelphia, 194 Pa. 496; Marshall v. Forest Oil Co., 198 Pa. 83; Forster v. McDivit, 5 W. & S. 359.

OPINION BY MR. JUSTICE WALLING, May 7, 1917:

In 1863, the Harrisburg, Carlisle and Chambersburg Turnpike Road Company bought the land here at issue, comprising eighty perches, of Alex. K. McClure, as a tollgate house property.   It was a part of Mr. McClure's farm and situate in Franklin County on the turnpike between Chambersburg and Shippensburg.   The deed therefor contains a provision as follows, viz: "That if the said turnpike company shall at any time remove said gate house from the said premises then the said Alex. K. McClure, his heirs or assigns, shall have the first right to purchase said house and lot at an appraisal to be fixed by the appraisers, two to be chosen by the parties hereto and the two so chosen to select a third, and in case the said turnpike road shall be abandoned by said turnpike company then the house and lot hereby conveyed shall revert to said Alex. K. McClure, his heirs and assigns."

In 1867, Mr. McClure sold the balance of the farm to Levi Horst, the deed for which contains the following reservation, viz:

"The house known as the Toll-gate house with eighty perches of ground having been conveyed by the said party of the first part to the Chambersburg and Carlisle Turnpike Road Company to use and enjoy the same so long as said property shall be used as a Toll-gate by said

Company, this conveyance to said Horst is made subject to the rights of said Turnpike Company and when said Toll-gate property shall be abandoned as a Toll-gate by said Company it shall pass to said party of the second part, his heirs and assigns in fee."

By sundry conveyances, etc., Horst's title became vested in the defendants. The half acre was used as a toll house property until 1915, when by amicable agreement the turnpike company sold and conveyed the said turnpike road to the Commonwealth of Pennsylvania for twenty-five thousand dollars, which sale embraced all of said company's property used in connection with the said road or appurtenant thereto, including bridges, toll houses and other structures and all road materials and equipment on hand, etc., and especially including the half acre here at issue, with the buildings and appurtenances, together with all rights and easements embraced in the McClure deed therefor. The State highway commissioner acted for the Commonwealth in the acquisition of the turnpike road, which at once became a State highway free from tolls. The purchase of the road did not include the franchise of the turnpike company.

In our opinion the trial court was right in holding that the sale to the Commonwealth was not an abandonment of the land in question, whether it be considered as real or personal property.

"The characteristic element of abandonment is the voluntary relinquishment of ownership, whereby the thing so dealt with ceases to be the property of any person and becomes the subject of appropriation by the first taker. In this respect it is distinguishable from all other modes by which ownership may be divested. Thus it is in the matter of the cessation of ownership that abandonment is distinguished from a transfer by sale or gift, for if the title be continued in another by any of the modes known to the law for the transfer of property, there has been no abandonment, because the right first acquired by the occupancy still exists although vested in

another and the continuity of possession remains unbroken": 1 Ruling Case Law 2.

"A sale or conveyance of a property is not an abandonment within the meaning of a clause in a deed that the property shall revert to the grantor upon its abandonment by the grantee. The word 'abandonment' has a well defined meaning in the law which does not embrace a sale or conveyance of the property. It is the giving up of a thing absolutely without reference to any particular person or purpose and includes both the intention to relinquish all claim to and dominion over the property and the external act by which this intention is executed, so that it may be appropriated by the next comer": St. Peter's Church v. Bragaw, 10 L. R. A. (N. S.) 633, 636.

"There can be no such thing as abandonment in favor of a particular individual or for a consideration. Such act would be a gift or sale. An abandonment is the relinquishment of a right, the giving up of something to which we are entitled. If it is made for a consideration it would be a sale or barter, and if without consideration, but with an intention that some other person should become the possessor, it would be a gift": Stephens v. Mansfield, 11 Cal. 363, 365.

The above and other authorities cited for appellee sustain the contention that a transfer of property from one party to another for a consideration is not an abandonment. And in that respect we see no controlling difference between the sale of a turnpike road and that of other property. In this case it is the abandonment of the turnpike road and not of the franchise that under the proviso in the original deed gives rise to the reversion. In West Philadelphia Pass. Ry. Co. v. Philadelphia & West Chester Turnpike Road Co., 186 Pa. 459, the defendant having the right to maintain and operate a street railway in the western end of Market street, Philadelphia, expressly and by statutory authority, released to the city all its rights, privileges, franchises, etc., in said street; and over twenty years later attempted to build a

street railway therein, but was enjoined on the ground that defendant had relinquished and in fact abandoned all its rights in the street. However, the question whether a sale of property constitutes an abandonment was not before the court in that case. In Black v. Elkhorn Mining Co., 163 U. S. 445, a locator of an undivided interest in a mining claim, who had neither bought nor paid for the same, sold his interest and left the property. And it is there held that he had no such vested interest in the mining claim, as, after his death, would entitle his widow, who had not joined in such sale, to a dower interest therein. The locator is there referred to as having abandoned his claim, but the question as to the sale of the property constituting an abandonment was not necessarily involved in the decision of the case. A grant is in general construed against the grantor; and here the rights of the parties were fixed by the deed to the turnpike company and were not affected by the stipulations in the later deed to Levi Horst. As the former deed was to the turnpike company, its successors and assigns, the company was within its rights in making the sale to the Commonwealth. There is nothing to justify the conclusion that a sale of the turnpike road caused a forfeiture of the title to the half acre; nor any provision in the first deed that the property should revert to the grantor when the turnpike ceased to be a toll road; the clause giving Mr. McClure the first right to purchase on the removal of the gatehouse might seem to negative such an intent; and as the gatehouse has never been removed the right to that option has not arisen. The law will not imply a different agreement from that which the parties have made: Aye v. Philadelphia Co., 193 Pa. 451. Mr. McClure might have provided that the house and lot should revert upon a sale of the turnpike road, but as he did not we must construe the deed as it is written.

The assignments of error are overruled and the judgment is affirmed.