Toms, Appellant, v. Bev-Maid, Inc.

Argued January 7, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*John S. Estey,* with him *Bruce B. Wilson, Joseph F.
Harvey,* and *Montgomery, McCracken, Walker &
Rhoads,* for appellant.

*William H. Rivoir, Jr.,* with him *Gawthrop and
Greenwood,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 22, 1966:

Appellant, Clinton Lee Toms, entered into an agree-
ment with Providence Enterprises, Inc., predecessor of
appellee, Bev-Maid, Inc., whereby appellee was granted
the sole and exclusive right and license to manufacture
and supply products utilizing certain inventions of ap-
pellant. For this license, appellee agreed to pay cer-
tain royalties.

The license agreement in its introductory para-
graphs states:

"Whereas, Toms has or will in the near future ap-
plied [sic] for patents in the United States, Great
Britain, Canada and Western Germany for a process of

564

packaging dry food concentrates and has also applied for patents in the aforesaid countries for a sealing mechanism, and .

"Whereas, Providence is desirous of processing cups utilizing the said patents and marketing vending machines utilizing the features of the said patents,". Following these introductory paragraphs are the specific terms of the license agreement, including: "10. If any of the said patent applications shall be denied or, if granted, shall in any action for infringement or otherwise be declared by any court of competent jurisdiction to be invalid on any ground whatsoever, all royalties payable hereunder shall forthwith cease to be payable; but if the decision of such court shall be reversed on appeal, the said royalties shall forthwith again become payable, together with all royalties which would have been payable but for the adverse decision."

The license agreement was executed on August 1, 1961, and royalties were paid under this agreement to appellant until April of 1964, when appellee notified appellant that it would pay him no further royalties under the contract. Appellant commenced an action of assumpsit, seeking damages for a breach of agreement.

Appellee filed an answer to the complaint in assumpsit in which it averred that no royalty payments were due and owing to appellant for its use of his inventions for any period after the rejection by the United States Patent Office on February 12, 1963, of an application for patent filed by appellant at No. 154,487. In addition, appellee filed a counterclaim, seeking the return of all royalties paid or credited to appellant between the date of the rejection of the patent application on February 12, 1963, and its discontinuance of payments on April 8, 1964.

After appellant's reply to the counterclaim, appellee moved for judgment on the pleadings and the court

below, after argument, granted appellee's motion for judgment on the pleadings as follows: ". . . The motion for judgment in favor of Defendant and against Plaintiff upon Plaintiff's Complaint and Defendant's Answer is granted in its entirety and judgment is hereby entered in favor of Defendant and against Plaintiff thereon; said motion for judgment in so far as it affects the issues raised in Defendant's Counterclaim and Plaintiff's Reply thereto is denied." This appeal followed.

The issue which is central to the determination of this appeal is the interpretation of the above quoted Paragraph 10 of the royalty agreement. If that paragraph is determined to encompass the patent application which was rejected by the United States Patent Office, then, clearly, appellee was justified in ceasing payments under the agreement and judgment on the pleadings was properly granted. If, on the other hand, however, the application was for a patent not within the purview of the royalty agreement, appellant is entitled to the royalties bargained for in the agreement.

"It is well settled that a summary judgment either on the pleadings or after preliminary objections will be entered only in a case which is clear and free from doubt." *Mather Estate*, 410 Pa. 361, 366, 189 A. 2d 586 (1963) and cases cited therein. We must determine whether the case here involved is so clear and free from doubt as to permit judgment on the pleadings.

A reading of the license agreement between the parties indicates that it is an agreement for the utilization by appellee of certain of appellant's inventions involved in "a process of packaging dry food concentrates" and a "sealing mechanism". The agreement indicates that appellant has applied for such patent or will in the future do so. It further provides that "If any of the *said* patent applications shall be denied" (emphasis supplied), royalties shall cease to be payable.

The patent application which was denied concerned "A Method and Apparatus for Positioning an Insert in a Paper Cup". The question, therefore, resolves itself into a determination of whether a process for positioning an insert in a paper cup is included within a "process for packaging dried food concentrates" and "a sealing mechanism".

Appellant strongly contends that the denial of the patent application for the paper cup insert process in no way affected his rights under the royalty agreement since the subject matter of the patent application was foreign to the subject matter of the agreement. Appellee, of course, contends for the opposite position.

On the basis of the complaint and answer, the only pleadings which may be considered—the counterclaim and reply thereto forming no part of the judgment appealed from—Cf. *Luria Steel & T. Corp. v. Dittig*, 414 Pa. 197, 199 A. 2d 465 (1964) ; *Wark & Co. v. Twelfth & Sansom Corp.*, 378 Pa. 578, 107 A. 2d 856 (1954), we are unable to determine this dispositive issue. The royalty agreement contains an ambiguity as to its scope, which we believe can only be determined by evidence to show the intention of the parties when they entered into it.

The case not being clear and free from doubt, the court below erred in granting judgment on the pleadings, and its determination must therefore be reversed.

Judgment reversed and case remanded for trial.