428 A.2d 592

The HIGBEE CORPORATION and Edward B. Servov, Executor of the Estate of Edna N. Higbee, deceased

v.

William H. KENNEDY, Executor of the Estate of Mary A. Kennedy, deceased, William H. Kennedy, Mary Belle Fitzgibbons, Estella Margaret Keefe, Charles J. Kennedy, Oliver L. Kennedy and James J. Kennedy, individuals, and their heirs, successors and assigns, and all other interested persons.

APPEAL OF James J. KENNEDY.

The HIGBEE CORPORATION and Edward B. Servov, Executor of the Estate of Edna N. Higbee, deceased

v.

James J. KENNEDY, and Mary N. KENNEDY, his wife.

APPEAL OF James J. KENNEDY.

The HIGBEE CORPORATION

v.

James J. KENNEDY and Mary N. Kennedy, his wife.

APPEAL OF James J. KENNEDY.

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed May 22, 1981.

Petition for Allowance of Appeal Denied Nov. 2, 1981.

102

104

John P. Vetica, Jr., Pittsburgh, for appellant.
David M. Priselac, Pittsburgh, for appellees.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PRICE, Judge:

This appeal arises from the trial court's order sustaining appellee's demurrer to appellant's answer and new matter. Appellant, James J. Kennedy [hereinafter Kennedy], contends that the trial court erred in determining that his interest in the disputed tract of land was a fee simple determinable. For the following reasons we agree with appellant and, therefore, reverse the order and remand for further proceedings consistent with this opinion.

■ To determine the propriety of an order granting a preliminary objection in the nature of a demurrer, we must "[accept] as true all well-pleaded averments of fact of the party against whom the motion is granted and [consider] against him only those facts that he specifically admits. *Bata v. Central-Penn National Bank*, 423 Pa. 373, 224 A.2d 174 (1966)." *Beckman v. Dunn*, 276 Pa.Super. 527, 531, 419 A.2d 583, 585 (1980). "Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph*, 413 Pa. 555, 198 A.2d 532 (1964)." *Sinn v. Burd*, 486 Pa. 146, 149, 404 A.2d 672, 674 (1979). Such "a motion for judgment on the pleadings can only be granted where the moving party's right to prevail is so certain that it is clear that a trial would be a fruitless exercise." *Leidy v. Deseret Enterprises, Inc.*, 252 Pa.Super. 162, 172, 381 A.2d 164, 169 (1977). *Toms v. Bev-Maid, Inc.*, 420 Pa. 562, 218 A.2d 300 (1966); *Rogoff v. The Buncher Co.*, 395 Pa. 477, 151 A.2d 83 (1959).

Viewed in this fashion the pleadings in this case disclose the following facts. Appellee, the Higbee Corporation [hereinafter Higbee], owns approximately nine acres of property in Bethel Park, Allegheny County, Pennsylvania. Kennedy and Higbee both claim under color of title a narrow strip of land that passes through Higbee's property.[1]

1. On March 24, 1868, James Higbee recorded a deed conveying the tract now in dispute to John Lafferty. John Lafferty subsequently conveyed the tract to Henry Kuckert, who, in turn, conveyed the tract to George Acker, Jr. On December 2, 1909, George Acker, Jr.'s widow, Amanda Acker, made a conveyance of the property to Mary

Seeking to acquire clear title to the entire tract Higbee filed an action to quiet title and a complaint in equity against Kennedy. Higbee subsequently filed an action to quiet title against all possible claimants. These actions were consolidated for trial in May of 1979.[2] Higbee raised preliminary objections in the nature of a demurrer to Kennedy's answer and new matter.

The trial court relied upon the following provision contained in the original grant to Kennedy's property in reaching its determination.

To have and to hold the said piece of land above-described the hereditaments and premises hereby granted or mentioned and intended so to be with the appurtenances unto the said party of the second part his heirs and assigns to and for the only proper use and behoof of the said party of the second part his heirs and assigns *forever provided the party of the second part his heirs and assigns wishes to make use of it for the purpose of a road. The party of the second part agrees to keep a good fence around the above-mentioned lot, failing to do so forfeits his claim, whenever the party of the second part wishes to give up his claim to said lot he is to have full privilege to remove all fencing materials whenever the party of the second part his heirs and assigns fails to fulfill this agreement the land is to revert to the party of the first part.*

Slip op. at 2–3 (emphasis added). The court held that the above language created a fee simple determinable, the breach of which would cause title to revert to the grantor or his successors. Based upon Kennedy's admission that he has

Kennedy. Appellant claims to have acquired title to the tract as an heir of Mary Kennedy. We note, however, that the trial court had not determined whether appellant does, in fact, have standing to assert title to the tract.

**2.** Higbee had also filed suit against the executor of Mary Kennedy's will and all legatees named thereunder. The location of these parties could not be ascertained and, accordingly, they were served by publication. Since neither the executor nor any legatee appeared to defend the action, a default judgment was entered against them on or about May 1, 1979.

not maintained a fence around the lot,[3] the court found that title had reverted and is, therefore, now vested in Higbee. Accordingly, on July 13, 1979, the trial court granted the demurrer and this appeal followed.

The sole issue for our consideration is whether the estate created by the deed was a fee simple determinable or a fee simple subject to a condition subsequent.[4] A fee simple determinable is an estate in fee that automatically reverts to the grantor upon the occurrence of a specified event. *Brown v. Haight*, 435 Pa. 12, 255 A.2d 508 (1969); *Smith v. Glen Alden Coal Co.*, 347 Pa. 290, 32 A.2d 227 (1943); *Stolarick v. Stolarick*, 241 Pa.Super. 498, 363 A.2d 793 (1976). The interest held by the grantor is termed a possibility of reverter. *Stolarick v. Stolarick*, 241 Pa.Super. 498, 363 A.2d 793; Restatement of Property § 44, Comment a (1936). Words of indubitable limitation, such as "so long as," "during," "while" and "until," are generally used to create the fee simple determinable. *Henderson v. Hunter*, 59 Pa. 335 (1868); *Peters v. East Penn Twp. School Dist.*, 182 Pa.Super. 116, 126 A.2d 802 (1956).

"If, on the other hand, the deed conveyed a fee simple subject to a condition subsequent, then upon the noncompliance with the stated condition the grantor or his successor in interest would have the power to terminate the preceding estate. Thus, the grantors would have a right of re-entry." *Stolarick v. Stolarick*, 241 Pa.Super. at 506, 363 A.2d at 797, *citing Commonwealth v. Koontz*, 258 Pa. 64, 101 A. 863 (1917); *Bear v. Whisler*, 7 Watts 144 (1838); Restatement of Property § 45 (1936). At common law conditional language in conjunction with a clause granting the grantor or his

**3.** Kennedy admitted in his answer to Higbee's second complaint to quiet title "that there has been no good fence around the roadway for a period of over forty years."

**4.** "It must not be forgotten that such a fee is nevertheless a fee simple, because it may last forever in a man and his heirs, the duration depending upon the concurrence of collateral circumstances which qualify and debase the purity of the grant. 2 Blackst[one's] Comm[entaries] 109." *Slegel v. Lauer*, 148 Pa. 236, 241, 23 A. 996, 997 (1892).

successors the right to re-enter and terminate the estate upon breach of condition was required to create the fee simple subject to a condition subsequent. *Smith · v. Glen Alden Coal Co.*, 347 Pa. 290, 32 A.2d 227; Restatement of Property § 45 (1936). "The principal distinction between the two estates is that a right of re-entry requires some action to perfect title by the grantor or his successor, while a reverter vests automatically. Restatement of Property § 57 (1936)." *Stolarick v. Stolarick*, 241 Pa. Superior Ct. at 506, 363 A.2d at 797.

A grantor and his successors are capable of transmitting both a possibility of reverter and a right of re-entry by inheritance, conveyance, assignment or release. *London v. Kingsley*, 368 Pa. 109, 81 A.2d 870 (1951).[5] The grantor is characterized as retaining these interests because when he creates a fee simple determinable or a fee simple subject to a condition subsequent he does not dispose of his entire interest in the land. Therefore, the interests are deemed vested at the time of their creation and are not subject to the rule against perpetuities. *Reichard Appeal*, 188 Pa.Super. 130, 146 A.2d 71 (1958); *Peters v. East Penn Twp. School Dist.*, 182 Pa.Super. 116, 126 A.2d 802.

Our primary objective in interpreting a deed is to ascertain and effectuate the intent of the parties. *Lawson v. Simonsen*, 490 Pa. 509, 417 A.2d 155 (1980). Our supreme court has propounded the following rules to guide us in our construction.

5. At common law a possibility of reverter was generally viewed as "a mere possibility that a right, or an estate in land, might arise in the future upon the happening of a contingency." *London v. Kingsley*, 368 Pa. 109, 115, 81 A.2d 870, 873 (1951). It could be disposed only by release since it was not categorized as an actual estate in land. *Id.*, 368 Pa. at 115–116, 81 A.2d at 873. However, Pennsylvania has long recognized that the power to alienate a possibility of reverter is in accordance with public policy favoring the alienability of land, and thus permits the disposition of all reversionary interests, including the possibility of reverter, by devise, grant, assignment or release. *Id.*, 368 Pa. at 116, 81 A.2d at 873; *Lacey v. Montgomery*, 181 Pa.Super. 640, 124 A.2d 492 (1956); *Calhoun v. Hays*, 155 Pa.Super. 519, 39 A.2d 307 (1944).

'(1) [T]he nature and quantity of the interest conveyed must be ascertained from the instrument itself and cannot be orally shown in the absence of fraud, accident or mistake and we seek to ascertain not what the parties may have intended by the language but what is the meaning of the words . . . ; (2) effect must be given to *all* the language of the instrument and no part shall be rejected if it can be given a meaning . . . ; (3) if a doubt arises concerning the interpretation of the instrument it will be resolved against the party who prepared it . . . ; (4) unless contrary to the plain meaning of the instrument, an interpretation given it by the parties themselves will be favored . . . ; (5) to ascertain the intention of the parties, the language of a deed should be interpreted in the light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed.'

*Lawson v. Simonsen*, 490 Pa. at 515, 417 A.2d at 158, *quoting Brookbank v. Benedum-Trees Oil Co.*, 389 Pa. 151, 131 A.2d 103 (1957) (emphasis in original). *Conveyance of Land Belonging to DuBois*, 461 Pa. 161, 335 A.2d 352 (1975); *Chapleski v. Dept. of Transportation*, 5 Pa.Cmwlth. 482, 291 A.2d 360 (1972).

It is axiomatic that mere expression of purpose will not debase a fee. *Abel v. Girard Trust Co.*, 365 Pa. 34, 73 A.2d 682 (1950); *Peters v. East Penn Twp. School Dist.*, 182 Pa.Super. 116, 126 A.2d 802. Moreover, "[t]he policy of the law is to render the alienation and transfer of land as free as possible, and conditions are not favored in law." *Methodist Church of Columbia v. Old Columbia Public Ground Co.*, 103 Pa. 608, 613 (1883). In accordance with our policy of favoring the free alienability of land, "a deed which would convey an estate in fee simple except for certain words, or for a phrase or clause must be interpreted strictly against any such limitation unless the grantor's intention to so limit the fee is clearly expressed or necessarily implied." *Peters v. East Penn Twp. School Dist.*, 182 Pa.Super. at 118, 126 A.2d at 803. *Congregational Confer-*

*ence Appeal*, 352 Pa. 470, 43 A.2d 1 (1945); *Abel v. Girard Trust Co.*, 365 Pa. 34, 73 A.2d 682.

We first examine the effect of the following clause: "forever *provided* the [grantee] his heirs and assigns *wishes* to make use of it for the purpose of a road." (emphasis added). We concur with the parties' consensus that the portions of the deed preceding this phrase create a fee simple. However, we cannot agree with appellee's contention that this conditional language limits the estate to a fee simple determinable. Words such as "provided," "if," or "upon the condition that" express condition and, therefore, indicate the existence of a fee simple subject to a condition subsequent. In *Stolarick v. Stolarick*, 241 Pa.Super. 498, 363 A.2d 793, we held that when conditional language is followed by a reverter clause, absent a showing of contrary intent, we will find a fee simple subject to a condition subsequent. *See also Pennsylvania Horticultural Society v. Craig*, 240 Pa. 137, 87 A. 678 (1913); *Watters v. Bredin*, 70 Pa. 235 (1871).[6]

The term "wishes" refers to the state of mind of the grantee. Thus, it is evident that mere nonuse of the property as a road does not establish that the condition has been broken. The estate can be deemed forfeited only upon a showing that the grantee has no inclination to use the property as a road. Since the record does not contain any evidence maintaining that appellant had no desire to use the

6. In reaching our decision in *Stolarick v. Stolarick*, 241 Pa.Super. 498, 363 A.2d 793 (1976), we cited with approval the following provision of the Restatement of Property.

'When an otherwise effective conveyance contains a clause which provides that "if," or "upon the condition that," or "provided that" a stated event occurs, then the estate created "shall be null and void" or "shall revert back," a problem in construction is presented as to whether such conveyance creates an estate in fee simple subject to a condition subsequent or an estate in fee simple determinable. Such a conveyance more commonly manifests an intent to create an estate in fee simple subject to a condition subsequent.' *Id.*, 241 Pa.Super. at 506, 363 A.2d at 798, *citing* Restatement of Property § 45, Comment m (1936).

property as a road, we cannot agree that this provision has been breached.

 We find the following clause more perplexing: the [grantee] agrees to keep a good fence around the above-mentioned lot, failing to do so *forfeits* his claim, whenever the [grantee] wishes to give up his claim to said lot he is to have full privilege to remove all fencing materials whenever the [grantee] his heirs and assigns fails to fulfill this agreement the land is to *revert* to the [grantor].

(emphasis added). The term "forfeits" is conditional language and, coupled with the absence of words of incontestable limitation, indicates the existence of a fee simple subject to a condition subsequent. The provision of reverter to the grantor, on the other hand, infers that the estate is a fee simple determinable. Since a fee simple determinable automatically divests a grantee of his interest in an estate, without regard to the current status of a grantor or his successors in interest, it is more cumbersome upon the alienability of land than a fee simple subject to a condition subsequent.[7] It is our opinion that the grantor, as draftsman of the deed, bears the heavy burden of using clear and unambiguous language to make explicit his intent to create this type of onerous limitation to an estate in land. *See generally Stanton v. Pittsburgh*, 257 Pa. 361, 101 A. 822 (1917). Therefore, only in the absence of ambiguity will we find in favor of a fee simple determinable. *See Stolarick v. Stolarick*, 241 Pa.Super. 498, 363 A.2d 793. *Accord Krill v. Petitto*, 405 Pa. 203, 175 A.2d 54 (1961); *Riggs v. New Castle*, 229 Pa. 490, 78 A. 1037 (1911); *Peters v. East Penn Twp. School Dist.*, 182 Pa.Super. 116, 126 A.2d 802. Accordingly, in absence of contrary intent, we view the conflicting terminology herein as creating a fee simple subject to a condition subsequent.

7. Indeed, since a possibility of reverter is not subject to the rule against perpetuities, it can work to divest a party of property centuries after both the grantor and the reason for the condition have ceased to exist.

The order of the court of common pleas is reversed and this action is remanded for further proceedings consistent with this opinion.