Colonial Surety Company,           :
                    Appellant       :
                                    :   No.  859 C.D. 2016
          v.                        :
                                    :   Submitted:  November 4, 2016
Redevelopment Authority of the     :
County of Fayette                   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  July 25, 2017


Colonial Surety Company (Colonial) appeals from the May 16, 2016 order of the Court of Common Pleas of Fayette County (trial court), which sustained the Redevelopment Authority of the County of Fayette's (Authority) preliminary objection in the nature of a demurrer for failure to state a cognizable claim and dismissed Colonial's petition to enforce the Final Determination of the Office of Open Records (OOR).


**Facts and Procedural History**

On February 26, 2015, Colonial submitted a request to the Authority pursuant to the Right-to-Know Law (RTKL),[1] seeking, *inter alia*, certain records

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

related to the "Business Park project." (Reproduced Record (R.R.) at 10a-11a.) The Authority partially granted Colonial's request, but denied the remainder, asserting that it lacked sufficient specificity to enable the Authority to ascertain what records were requested. Colonial appealed the Authority's determination to the OOR. On June 3, 2015, the OOR issued a Final Determination granting Colonial's appeal and ordering the Authority to provide Colonial with all responsive records within thirty days. (R.R. at 10a-14a.)

By letter dated August 5, 2015, Colonial's counsel contacted the Authority's counsel, seeking compliance with the OOR's order. In response, the Authority's counsel advised Colonial's counsel that the Authority had provided Colonial with a letter dated July 15, 2015, that contained a link to a Google Drive account which purportedly contained the requested records. The Authority's counsel forwarded the July 15, 2015 letter to Colonial's counsel along with a disc containing the records that were uploaded to the Google Drive account. (R.R. at 16a-17a.)

By letter dated January 27, 2016, Colonial's counsel advised the Authority's counsel that the Authority remained in violation of the RTKL as well as the OOR's order, and stated that "[a]s I assume you are aware, we are unable to open the disc. You need to either send me the documents or[] a disc with them that we can open. Otherwise, Colonial promptly will seek sanctions." (R.R. at 27a.)

By letter dated February 3, 2016, the Authority's counsel advised Colonial's counsel that there were 993 pages of responsive records and stated that it would cost $248.28 for photocopying of the same. As such, the Authority's counsel requested a check for that amount and an affirmation in writing that Colonial would reimburse the Authority for the cost of postage expended. (R.R. at 28a.)

2

On February 5, 2016, Colonial filed a petition to enforce the OOR's Final Determination with the trial court. In its petition, Colonial alleged, *inter alia*, that the Authority acted in bad faith by intentionally denying Colonial access to the requested records and refusing to produce the requested records by sending a disc that was impossible to open. Accordingly, Colonial sought a sanction of $1,500.00 and a civil penalty of $500.00 per day until the records are provided.[2] (R.R. at 1a, 3a-9a.)

The Authority filed preliminary objections,[3] alleging, *inter alia*, a demurrer pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(4). According to the Authority, Colonial's petition failed to state a cognizable claim under the RTKL because the Authority complied with the OOR's Final Determination by producing the responsive records in three forms: the Google Drive link; the disc; and hard copy upon payment of photocopying and postage costs. (R.R. at 18a-24a.)

By opinion and order dated May 16, 2016, the trial court sustained the Authority's preliminary objection in the nature of a demurrer, reasoning that:

> Turning to the first preliminary objection, the Redevelopment Authority argues that it has complied with the [OOR's] Final Determination by providing the requested documents in three formats. The Record is unequivocally clear that this is factually correct, and any assertion by [Colonial's] counsel to the contrary exemplifies the litigious nature he has displayed in this action and with this Court in its companion case. Here, the Petition is legally insufficient because the Redevelopment

---

[2] *See* Section 1305 of the RTKL, 65 P.S. §67.1305 (addressing civil penalties).

[3] In its preliminary objections, the Authority also alleged that the appropriate mechanism to enforce the OOR's Final Determination is a mandamus action; that the trial court did not have jurisdiction over Colonial's petition to enforce the OOR's Final Determination; and that Colonial's petition lacked sufficient specificity. (R.R. at 21a-24a.)

Authority has fully and timely complied with the Final Determination.

At the time set for oral argument, when asked by the Court about the lack of response to the compact disc from August 12, 2015 through January 27, 2016, [Colonial's] counsel responded that January 27, 2016 was his first attempt to view the documents on the disc. A delay of 186 days attributable to [Colonial's] counsel's lack of diligence followed immediately by his filing this Petition requesting monetary civil penalties was nothing more than [Colonial's] counsel's attempt to excuse his own inaction for over five months.

Upon the facts as plead [sic] by [Colonial] and accepted as true at this stage, no remedies could ever be warranted pursuant to the "Denial of access" and "Failure to comply with court order" sections of the [RTKL]. [Colonial] has failed to state any cognizable action under the [RTKL] since the Redevelopment Authority has fully complied with the Final Determination of the [OOR] and accordingly, the first preliminary objection is sustained and the Petition is DISMISSED. Upon this ruling, the remaining preliminary objections have been rendered moot.

(Trial court op. at 3-4.)

Colonial appealed the trial court's order to this Court.

On appeal,[4] Colonial argues that the trial court erred in sustaining the Authority's preliminary objection on the basis that the Authority complied with the OOR's Final Determination when Colonial's petition alleged that the Authority intentionally failed to do so. Colonial also argues that the trial court erred by granting

---

[4] "When an appellate court rules on whether preliminary objections in the nature of a demurrer were properly sustained, the standard of review is *de novo* and the scope of review is plenary." *Gale v. City of Philadelphia*, 86 A.3d 318, 319 n.1 (Pa. Cmwlth. 2014). "We may affirm the granting of preliminary objections only when it is clear and free from doubt that, based on the facts pled, the plaintiff will be unable to prove facts legally sufficient to establish a right to relief." *Id*.

4

the Authority's improper speaking demurrer and by failing to make necessary findings of fact and conclusions of law. Moreover, Colonial maintains that the trial court's determination was erroneous because its findings were not supported by competent evidence, and because the Authority's preliminary objections were not verified. Finally, Colonial avers that the trial court erred as a matter of law when it determined that Colonial failed to state a cognizable claim upon which relief could be granted.

## Discussion

In ruling on preliminary objections, this Court accepts as true all well-pleaded material allegations in the petition or complaint, any responses allowed under Pa.R.C.P. No. 1017(a)(4), and any reasonable inferences that may be drawn from the averments. *Schaffer v. Batyko*, 323 A.2d 62, 65-66 (Pa. Super. 1974) (trial court erred in not considering affidavit attached to plaintiff's response to defendant's preliminary objections). However, we are not bound by legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion encompassed in the petition. *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). This Court may sustain preliminary objections "only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner." *Id.* "All doubts shall be resolved in favor of overruling the demurrer." *Commonwealth ex rel. Fisher v. Allstate Insurance Company*, 729 A.2d 135, 139 n.6 (Pa. Cmwlth. 1999).

Moreover, "[w]hen ruling on a preliminary objection in the nature of a demurrer, a court should severely limit its use of judicial notice, because the purpose

5

of a demurrer is to challenge the legal basis for a complaint, not its truthfulness." *Stilp v. Commonwealth*, 910 A.2d 775, 791 (Pa. Cmwlth. 2006). "Fact-based defenses, even those which might ultimately inure to the defendant's benefit, are thus irrelevant on demurrer." *Betts Industries, Inc., v. Heelan*, 33 A.3d 1262, 1265 (Pa. Super. 2011). However, the filing of a response to preliminary objections would be superfluous if the trial court were unable to consider any averments or admissions within such a response. *Higbee Corporation v. Kennedy*, 428 A.2d 592, 593 (Pa. Super. 1981).

In its petition to enforce, Colonial alleged, in relevant part:

10. By letter dated August 12, 2015, the Authority's counsel sent a reply, see Exhibit "C" hereto, which falsely claimed that the Authority had previously responded by e-mail of July 15, 2015. See Id. Additionally, Mr. Garvin claimed to provide a "disc containing the documents." See Id. But, as Mr. Garvin obviously knew, Colonial's counsel did not have the required permission to open the disc. The Authority, in bad faith, has wilfully [sic] violated the Order of June 3, 2015.

\* \* \*

13. The Authority has intentionally failed and refused to produce the documents to Colonial as ordered.

\* \* \*

20. The Authority has intentionally denied Colonial access to the requested records in bad faith.

21. The Authority knowingly failed and refused to timely produce the requested records by, inter alia, sending a disc that was impossible to open.

22. The Authority has acted in bad faith by not properly responding to Colonial's *Right-to-Know Act* request, by ignoring the Final Determination of the Office of Open

6

Records, and by sending an impossible to open disc so as to wrongfully feign compliance.

23. The Authority has wilfully [sic] and with wanton disregard deprived Colonial of access to the requested public records.

\* \* \*

32. The Authority was ordered to deliver certain requested records to Colonial by the Office of Open Records and has wilfully [sic] failed to do so.

(R.R. at 5a-8a.)

Here, the trial court determined that Colonial's petition was legally insufficient because "[t]he [r]ecord is unequivocally clear" that the Authority "fully and timely complied with the Final Determination." (Trial court op. at 3.) As such, the trial court concluded that "no remedies could ever be warranted pursuant to the 'Denial of access' and 'Failure to comply with court order' sections of the [RTKL]." *Id*. at 3-4. However, according to Colonial's petition, the Authority's counsel's claim that it provided a letter to Colonial containing a Google Drive link with the responsive records was false and Colonial was unable to access the disc that purportedly contained the responsive records because it did not have the required permission to do so. Colonial filed a verified answer to the Authority's preliminary objections and there admitted receipt of the February 3, 2016, letter that offered to provide paper copies of the requested documents upon payment of duplication and postage costs, which is authorized under section 1307 of the RTKL. 65 P.S. §67.1307. (Colonial's Answer, ¶9.)

Accordingly, the trial court did not err in considering all the verified pleadings before it, which included not just factual averments within Colonial's petition but also the factual averments contained within Colonial's answer to the

7

Authority's preliminary objections. As our Superior Court has recognized, "To determine the propriety of an order granting preliminary objections in the nature of a demurrer, we must [accept] as true all well-pleaded averments of fact of the party against whom the motion is granted and [consider] against him only those facts that he specifically admits." *Higbee Corporation*, 428 A.2d at 593 (internal quotation marks omitted).

Moreover, if Colonial believed that the Authority was seeking to proffer a speaking demurrer in its preliminary objections, Colonial had a remedy available to it under the Rules of Civil Procedure, namely, the filing of preliminary objections to the preliminary objections filed by the Authority. Pa.R.C.P. No. 1032(a) ("A party waives all defenses and objections which are not presented . . . by preliminary objection . . . .") Indeed, it is axiomatic that this is the required remedy in Pennsylvania, and failure to use it results in waiver of arguments that may have been valid. *See*, *e.g.*, *Philadelphia Fraternal Order of Correctional Officers v. Rendell*, 701 A.2d 600, 607 (Pa. Cmwlth. 1997). Notably, nowhere in its answer does Colonial object to the Authority's preliminary objections. Thus, it cannot claim that the trial court erred in considering anything outside Colonial's petition to enforce.

Accordingly, the trial court's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colonial Surety Company, : 
               Appellant : 
                :   No. 859 C.D. 2016
          v. : 
                : 
Redevelopment Authority of the : 
County of Fayette : 

## *ORDER*

AND NOW, this 25th day of July, 2017, the May 16, 2016 order of the Court of Common Pleas of Fayette County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge