J-A12014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| W. LOWELL STARLING AND NANCY STARLING, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| LAKE MEADE PROPERTY OWNERS ASSOCIATION, INC., | |
| Appellee | No. 1779 MDA 2014 |

Appeal from the Order Entered September 26, 2014
In the Court of Common Pleas of Adams County
Civil Division at No(s): 2010-S-498

BEFORE:  BOWES, DUBOW, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 20, 2018**

This case is on remand from our Supreme Court.  The parties and this Court are well acquainted with the pertinent facts as they were extensively delineated in prior decisions, ***Starling v. Lake Meade Property Ass'n, Inc.***, 121 A.3d 1021 (Pa.Super. 2015), *rev'd*, 162 A.3d 1021 (Pa. 2017), which we rely upon for purposes of this appeal.

Our Supreme Court determined that Appellee Lake Meade Property Owners Ass'n, Inc. (the "Association") is the fee simple absolute owner of Custer Drive, its *cul de sac*, and any land to the north and west of the *cul de sac* not specifically described in the deeds Disputed Property to Appellants W. Lowell and Nancy Starling (the "Disputed").  It remanded to this Court solely for us to determine whether any covenants or restrictions precluded

the Association's recreational use of the Disputed Property. Specifically, our Supreme Court stated, "[O]n remand the Superior Court is free to consider the question whether the trial court erred in determining that covenants and restrictions did not preclude the Association's recreational use of the Disputed Property." *Starling v. Lake Meade Property Ass'n, Inc.*, 121 A.3d at 348.

In their brief on remand, the Starlings first outline that various pieces of property in the Lake Meade Subdivision are designated as recreational areas but that none of the Disputed Property has such a label. Appellants' Brief on Remand at 12 ("As the Disputed Property is not a lot, and is not designated as a recreational area, the Association has no unqualified right to use the Disputed Property as recreational lot."). They observe that the recorded subdivision plan states that lots will be designated as water supply lots, commercial areas necessary for maintenance and enjoyment, recreational areas, lake access areas, and residential lots. They note that, under this term of the recorded instrument, "recreational areas are lots and are specifically designated as recreational." *Id*. Since none of the Disputed Property is designated as a recreational lot, the Starlings insist the Disputed Property cannot be used for recreational purposes.

We must reject this position. Our Supreme Court held that the Association had a fee simple absolute interest in the Disputed Property. Fee simple absolute ownership constitutes ownership of unlimited duration that

is not subject to limitations or conditions subsequent. *See Wagner v. Landisville Camp Meeting Ass'n*, 24 A.3d 374 (Pa.Super. 2015); Restatement (First) of Property §§ 14, 15. Due to the nature of the Association's interest in the Disputed Property, it is entitled to conduct any lawful activity upon it; recreational activities are lawful. In order to restrict the Association's use of land, the Starlings must refer us to some express restriction or covenant, which is clearly required by our Supreme Court's directive, that prohibits such use of the land. The Starlings failed to do so.

The fact that some lots are designated as recreational areas in the recorded plan does not preclude the conduct of recreational activities on other lots not containing that title. Indeed, there is no dispute that the Starlings can conduct recreational activities on their lot, even though it is not referred to as a recreational lot. Moreover, the Starlings acknowledge that the Association has the power to re-designate lots, and it could readily declare the Disputed Property as recreational. Appellants' Brief on Remand at 16.

The only affirmative restrictive covenant that the Starlings cite states, "No noxious or offensive trade or activity shall be permitted on any lot, nor shall anything be done there on which shall be or become, an annoyance or nuisance to the neighborhood." Restrictions and Covenants, Lake Meade Subdivision, Adams County, Pennsylvania, at paragraph 5. Recreational activities are not necessarily noxious, offensive, an annoyance, or a

nuisance, depending upon the conduct of those involved. Recreational activities, as noted by the Association, consist of gatherings, cookouts, sunbathing, playing sports and games, or other similar enjoyments.

The remainder of the Starlings' argument on remand relates to their allegations that criminal activities occurred on the Disputed Property. Specifically, the Starlings maintained in their complaint that people that gather on the Disputed Property engage in loud revelry throughout the night, park on their lots, throw items and urinate on their property, and shout profane language that the Starlings can hear. The Starlings, in this appeal, aver that these activities interfere with their quiet enjoyment of their property and violate the law applicable to homeowner's associations.

We first observe that nothing in the trial court's ruling herein would allow such activities to continue. It expressly held that, as fee simple owner of the Disputed Property, the Association could conduct any **lawful** activity on it. The activities described by the Starlings cannot be characterized as lawful, and they fail to distinguish, in their argument, between permitted recreational use of the Disputed Property and the type of noxious and criminal behavior that they averred occurred before this action was brought. However, the Starlings withdrew their nuisance claim in this action, and the trial court expressly limited the Association's use of the Disputed Property to

lawful activities.[1]   The only matter before us is whether there is an affirmative restriction or covenant that prevents the Association from using the Disputed Property for recreational activities.  Paragraph five prohibits the conduct of unlawful activities on the property.  However, the Association, as fee simple owner, cannot allow its property to be used for unlawful activities or for behavior that constitutes a nuisance to the Starlings, as outlined in paragraph five, which binds the Association as the owner of lots encompassed within the Disputed Property.  If the Association allows such activities to continue on its land, the Starlings remain free to institute a nuisance action and seek relief therein.  Nevertheless, there is a clear distinction between normal recreational activities and behavior that constitutes a nuisance.  Nothing in the trial court's decision permits either the latter type of conduct or any activities that would be considered prohibited under paragraph five.

Order affirmed.

_____

[1]  In their brief, the Starlings also suggest that the trial court should not have ruled that the Association could use the Disputed Property for any lawful purposes.  Our Supreme Court decided that the ruling in question is correct, and our authority in this remand is solely to determine whether any affirmative covenants or restrictions prevent recreational use of the Disputed Property.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2018